

June 8, 2023

**VIA ECF**
The Honorable Nicholas G. Garaufis
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>United States v. Boustani</u>, Case No. 18-cr-681 Letter Motion for Conference

Dear Judge Garaufis:

    We write on behalf of Defendant Manuel Chang. We write under the Court's Individual Rule VI. A. to request permission to move to dismiss the indictment because the Prosecution's delay of Mr. Chang's trial has violated his right to a speedy trial under the Sixth Amendment.[1]

    In 2018, Mr. Chang was indicted and the Prosecution arranged for his arrest in South Africa. Since then, he has been incarcerated in South Africa in appalling conditions, including solitary confinement. Yet he is no closer to trial than he was when he was indicted in 2018. Although the Prosecution requested Mr. Chang's extradition over four years ago, it has lost interest in seeking his extradition since 2019, when a jury acquitted Mr. Chang's co-defendant, Jean Boustani, on all charges. This deprivation of Mr. Chang's liberty has violated the Sixth Amendment to the United States Constitution.

### Mr. Chang Has Spent Years in Solitary Confinement in South Africa

    Mr. Chang was the Minister of Finance for Mozambique from 2005 to 2015. On December 29, 2018, Mr. Chang was traveling from Mozambique to the United Arab Emirates, with a layover in South Africa. He had a return flight back from the United Arab Emirates booked for January 2, 2019, but he has not made it out of South Africa.

    On December 19, 2018, Mr. Chang was indicted in the Eastern District of New York. Two days later, the U.S. Department of Justice wrote a letter to the government of the Republic of South Africa requesting Mr. Chang's arrest during his layover. Mr. Chang was then arrested at the O. R. Tambo International Airport in Johannesburg at the Prosecution's request.

---

[1] We also understand that Mr. Chang's co-defendant Naji Allam has filed a letter moving for a pre-motion conference to dismiss the indictment on similar grounds. We agree with Mr. Allam's assessment that his circumstance and Mr. Chang's are substantially similar, though they differ in certain aspects, and dismissal is warranted against both Mr. Chang and Mr. Allam. Further, like counsel for Mr. Allam, we have conferred with the Prosecution to advise them of our submission.

| Hon. Nicholas G. Garaufis, U.S.D.J.<br>Case No. 18-cr-681 | 2 of 5 |
|---|---|

The government of Mozambique subsequently indicted Mr. Chang and, in February 2019, also requested his extradition to Mozambique. These competing requests to extradite Mr. Chang trapped him in a Kafkaesque labyrinth of never-ending administrative and court proceedings that continue to this day. We understand from Mr. Chang's counsel in South Africa that, even after over four years have passed since his arrest, the government of South Africa has still not completed the process of extraditing Mr. Chang or provided a date by when Mr. Chang can expect an end to this ordeal.

Meanwhile, the wheels of justice have turned more rapidly in the United States. Mr. Chang's co-defendant, Jean Boustani, was tried in 2019, and on December 2, 2019, a jury acquitted him on all counts. Mr. Chang is confident that, if he were ever tried in the United States, a jury would reach a similar result. As he has maintained throughout this process, the charges against him are meritless. As the trial as revealed, the Prosecution is not only unable to prove the merits of the charges for which Mr. Chang has been indicted and detained, but also unable to even show that venue is proper in this district.

Perhaps in recognition of these deficiencies in its case, the Prosecution has lost all interest in Mr. Chang since Mr. Boustani's exoneration. To the knowledge of Mr. Chang's counsel in South Africa, the Prosecution has not made any filings in support of its attempt to extradite Mr. Chang since its defeat in the 2019 trial of Mr. Boustani.

Mr. Chang, however, has been seeking to end this quagmire as soon as possible. On September 10, 2021, Mr. Chang filed a notice of intention to abide, which is a South African court document expressing Mr. Chang's consent to follow any decision that the courts make with respect to his extradition. Then, on August 24, 2022, Mr. Chang explicitly represented in a court filing that he consented to his extradition to either the United States or Mozambique, and emphatically requested an expeditious end to this protracted litigation.[2]

Mr. Chang has been detained in dire conditions while the judicial and administrative systems in South Africa proceed at this glacial pace.[3] We understand from Mr. Chang's counsel in South Africa that Mr. Chang has spent the substantial majority of the time since his arrest under solitary confinement. He has had limited contact with his own family and can only speak to them through a glass partition. The South African government has also failed to meet Mr. Chang's medical needs. He has an injured knee, but he has been unable to receive physical therapy during his detention. Moreover, the South African authorities have failed to provide Mr. Chang with a low sodium diet, even though he has high blood pressure.

---

[2] Neither any of these filings in South Africa, nor this letter, should be construed as any a waiver of any other challenge to the indictment. To the contrary, were the indictment not dismissed on speedy trial courts, Mr. Chang is prepared to mount a full challenge to any allegations against him.

[3] Unfortunately, such lengthy pretrial detention is common in South Africa. As the United States State Department reported in its 2018 Human Rights Report, the South African judicial system is overburdened and "[l]engthy pretrial detention was common." State Department, *South Africa 2018 Human Rights Report*, available at https://www.state.gov/wp-content/uploads/2019/03/South-Africa-2018.pdf. Almost a third of inmates in South Africa were pretrial detainees who were awaiting their day in court. Id.

| Hon. Nicholas G. Garaufis, U.S.D.J.<br>Case No. 18-cr-681 | 3 of 5 |
|---|---|

## The Prosecution's Delay in Trying Mr. Chang Violates the Sixth Amendment

The Sixth Amendment to the United States Constitution guarantees the right to a speedy trial. Courts have developed a two-part inquiry to evaluate claims that a delay in trial violates this right. As a threshold matter, courts look to whether the delay between accusation and trial is so long as to be presumptively prejudicial. *Doggett v. United States*, 505 U.S. 647, 652 (1992). A delay of one year is presumptively prejudicial. *Id.* at n.1. Provided the delay is presumptively prejudicial, courts then consider four factors, called the *Barker* factors, to determine if dismissal of the indictment is warranted: the length of the delay; the reason for the delay; the defendant's assertion of the right to a speedy trial; and the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530-31 (1972).

Mr. Chang was arrested in December 2018, yet he has still not been tried. This delay is well over a year and is easily presumed prejudicial. Further, all four *Barker* factors weigh strongly in favor of dismissal of the indictment.

<u>The length of the delay.</u> "[T]he presumption that pretrial delay has prejudiced the accused intensifies over time." *Doggett*, 505 U.S. at 652. Mr. Chang was indicted in 2018 but has still not even been extradited, let alone tried. The Prosecution cannot contend that the complexity of the case against Mr. Chang warrants this delay, as it was able to complete the trial against Mr. Boustani – Mr. Chang's alleged co-conspirator – over three years ago.

<u>The reason for the delay.</u> "A defendant has no duty to bring himself to trial[.]" *Barker*, 407 U.S. at 527. Rather, the government has an obligation to bring a case to trial swiftly, and delays resulting from deliberate prosecutorial attempts to delay trial, from prosecutorial negligence, and even from overcrowded courts all count against the prosecution. *Id.* at 531. *See also Strunk v. United States*, 412 U.S. 434, 436 (1973) ("delays caused by overcrowded court dockets or understaffed prosecutors" count against the government in assessing a speedy trial claim); *United States v. Black*, 918 F.3d 243, 260 (2d Cir. 2019) (delays resulting from protracted litigation are attributable to the government); *United States v. Tigano*, 880 F.3d 602, 614-16 (2d Cir. 2018) (administrative delays, delays resulting from inadequate coordination among judges, and delays resulting from a court's failure to prioritize a criminal defendant's prosecution are all attributable to the government). The prosecutorial duty to bring a case to trial quickly applies with full force where the defendant is outside of the United States. *See United States v. Leaver,* 358 F. Supp. 2d 255, 271 (S.D.N.Y. 2004) (dismissing an indictment where the government "wait[ed] passively for chance to deliver [the defendant] into its hands" rather than face the "difficulties involved in pursuing and extraditing [a] relatively unimportant accused … .").

The delay in Mr. Chang's trial lays at the feet of the Prosecution. The Prosecution deliberately chose to request Mr. Chang's extradition when he was in South Africa because of a layover in an international flight. By choosing South Africa as the forum for Mr. Chang's arrest and extradition, the Prosecution assumed the risk that the inefficiencies of the South African administrative and judicial systems would impair Mr. Chang's right to a speedy trial. The

| Hon. Nicholas G. Garaufis, U.S.D.J. | 4 of 5 |
|---|---|
| <u>Case No. 18-cr-681</u> | |

Prosecution cannot claim that the dilatory treatment of Mr. Chang's extradition in South Africa took it by surprise, since it was on notice that lengthy pretrial detention was common in South Africa.  *See* State Department, *South Africa 2018 Human Rights Report*, available at https://www.state.gov/wp-content/uploads/2019/03/South-Africa-2018.pdf (observing that lengthy pretrial delay is common and the courts are overburdened in South Africa).

      The Prosecution is particularly blameworthy here, where it appears to have lost interest in Mr. Chang's extradition and trial after its defeat at the 2019 trial of Mr. Boustani.  To the knowledge of Mr. Chang's South African counsel, the Prosecution has not made any filings in the protracted litigation in South Africa over Mr. Chang's extradition since this 2019 trial.  If the Prosecution has lost interest in trying Mr. Chang, it should dismiss the charges against him, not allow him to languish in solitary confinement in South Africa.

      <u>Mr. Chang's assertion of the right to a speedy trial.</u>  Although Mr. Chang denies all charges against him, he has been eager for an expeditious end to this protected litigation.  Mr. Chang asserted his right to a speedy trial in South Africa and even informed the South African judiciary two years ago that he would abide by whatever decision the South African courts make about where to extradite him, just to bring the extradition proceedings to an end.

      <u>The prejudice to Mr. Chang.</u>  Courts identify at least three interests that the speedy trial right is designed to protect: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired," including because of memory loss by potential witnesses.  *Barker*, 407 U.S. at 532.  Mr. Chang has suffered from all three of these forms of prejudice here.  As noted above, he has spent years in solitary confinement and without proper medical care.  He has spent these years living under the anxiety resulting from being under indictment.  The lost time has impaired his defense, including because memories of the relevant events have likely faded during Mr. Chang's detention.  The risk of fading witness memory is particularly acute here, where the bulk of the allegations relevant to Mr. Chang in the operative indictment relate to events that allegedly occurred approximately a decade ago.

***

      In light of the foregoing, we respectfully request that the Court schedule a pre-motion conference to provide Mr. Chang with the opportunity to vindicate his right to a speedy trial.  In the alternative, we respectfully request that the Court enter a briefing schedule for a motion to dismiss the indictment without scheduling a pre-motion conference.  We appreciate the opportunity to address these matters at further length with Your Honor.

Respectfully submitted,

s/ Adam Ford
Adam Ford

| | |
|---|---|
| Hon. Nicholas G. Garaufis, U.S.D.J.<br>*Case No. 18-cr-681* | 5 of 5 |

Cc: All Counsel of Record (via ECF)