

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| HDM/JRS/MAM/PC | *271 Cadman Plaza East* |
| F. #2016R00695 | *Brooklyn, New York 11201* |

October 16, 2023

By ECF and E-Mail

The Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     United States v. Manuel Chang
        Criminal Docket No. 18-681 (NGG)

Dear Judge Garaufis:

The government writes in opposition to the defendant Manuel Chang's motion to enjoin the government from reviewing materials on the defendant's phone, pursuant to a validly executed search warrant signed by Magistrate Judge Reyes on August 31, 2023.  See ECF No. 494.  The defendant's motion reflects a fundamental misunderstanding of the Fourth Amendment and the remedies a court can order if, in fact, there is a violation of the Fourth Amendment— which, as the government will explain in its opposition to the pending motion to suppress, there is not here.  Indeed, the defendant does not cite a single case or legal authority in this District or in any other district in the United States in support of his extraordinary request for an injunction.[1]

In fact, it is unclear whether the Court even has authority to enjoin the government from executing a warrant and reviewing seized materials in this criminal case.  "It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions."  Douglas v. City of Jeannette, 319 U.S. 157, 163 (1943).  It is well-settled that the "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."  Trainor v. Hernandez, 431 U.S. 434, 440–41(1977).  Here, the defendant has an adequate and well-established remedy for the alleged violation of his Fourth Amendment rights—the Exclusionary Rule.  Thus, in post-indictment criminal proceedings, defendants assert their rights by filing a motion to suppress and return of property, as the defendant has here, under Federal Rule of Criminal Procedure 41.  See Fed. R. Crim. P. 41(h) ("A defendant may move to

---

[1] Motions to suppress search warrants are routinely filed in criminal cases in this District, and the government is not aware of any instances where the government has been enjoined from executing such warrants while such motions are pending post-indictment.

suppress evidence in the court where the trial will occur, as Rule 12 provides."); Fed. R. Crim. P. 41(g) ("A person aggrieved by an unlawful search and seizure of property by the deprivation of property may move for the property's return.").

In rare instances, where, unlike here, there is no pending criminal proceeding, parties have sought relief under the doctrine of equitable jurisdiction.  See Boyd v. U.S. Dep't of Just., 673 F. Supp. 660, 663 (E.D.N.Y. 1987) (noting that courts sometimes exercise equitable jurisdiction to "deter constitutional violations when the exclusionary rule is ineffectual because of the absence of criminal proceedings."); see id. ("Where . . . . there is no pending criminal action, the deterrent policies underlying the exclusionary rule may not be as significant as the interest of the court in securing compliance with constitutional procedures by law enforcement agents") (quoting Richey v. Smith, 515 F.2d 1239, 1244 n. 11 (5th Cir. 1975)).  Here, there is a criminal proceeding pending and thus, the defendant's remedy is to seek suppression and return under Rule 41 and the Exclusionary Rule.  See Richey, 515 F.2d at 1244 n. 11 ("Where there is a pending criminal action, the prime remedy is the exclusionary rule.").

Assuming arguendo that the defendant could invoke the doctrine of equitable jurisdiction after indictment in a criminal proceeding, the defendant has not shown how he meets the standard for such jurisdiction.  The Eleventh Circuit's recent decision in Trump v. United States, 54 F.4th 689, 701 (11th Cir. 2022) is instructive.  In that case, the government executed a search warrant *pre-indictment*, and former President Trump filed a motion to enjoin the government from reviewing the materials obtained with the warrant until the court had appointed a special master.  See id. at 696.  The district court granted the injunction pursuant to the court's "equitable jurisdiction and inherent supervisory authority."  Id.  The government appealed and the Eleventh Circuit, in a unanimous decision, reversed the district court and vacated the injunction. In doing so, the Eleventh Circuit applied the Richey test for exercising equitable jurisdiction and found that former President Trump had failed to satisfy the standard: "(1) whether the government displayed a 'callous disregard' for the plaintiff's constitutional rights; (2)'whether the plaintiff has an individual interest in and need for the material whose return he seeks'; (3) whether the plaintiff would be irreparably injured by denial of the return of the property'; and (4) 'whether the plaintiff has an adequate remedy at law for the redress of his grievance.'" Trump, 515 F.2d at 1243–44 (quotation omitted) (citing Richey, 515 F. 2d at 1243–44).

Likewise, the defendant fails to meet the Richey standard.  First, there is no evidence of the government's callous disregard of the defendant's constitutional rights.  To the contrary, the government sought and obtained a search warrant for the defendant's phone.  Second, the defendant already has a complete copy of the data from the phone that he is seeking to stop the government from reviewing.  Third, the defendant will not be irreparably harmed from denial of the return of his physical phone because there is no material difference between this and the forensic copy he possesses and, in any event, he is in custody and is not permitted to have a phone. Finally, he has an adequate remedy for the redress of his purported grievance—the Exclusionary Rule.  Thus, the defendant has not shown a basis for the Court to assert equitable jurisdiction here. As the Eleventh Circuit held:

> The law is clear.  We cannot write a rule that allows any subject of a search warrant to block government investigations after the execution of the warrant.  Nor can we write a rule that allows only

former presidents to do so.  Either approach would be a radical reordering of our caselaw limiting the federal courts' involvement in criminal investigations.  And both would violate bedrock separation-of-powers limitations.

Trump, 54 F.4th at 697.

Even assuming that the defendant had (1) cited any case law or legal authority supporting his view that this Court can enjoin the government from reviewing material based on a warrant post-indictment; and (2) met the "exacting test" of Richey, see id., the defendant still has not carried his burden by a clear showing that an injunction is necessary.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).  "The party seeking the injunction carries the burden of persuasion to demonstrate, 'by a clear showing,' that the necessary elements are satisfied."  Reckitt Benckiser Inc. v. Motomco Ltd., 760 F. Supp. 2d 446, 452 (S.D.N.Y. 2011) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter, 555 U.S. at 20.

The defendant has not carried his burden here, where he has not cited any authority in support of his motion, has not articulated that he is likely to succeed on the merits (indeed, before the government has even had a chance to respond to his motion to suppress, which misstates the law and the facts), has not shown irreparable harm, not shown that the equities balance in his favor, and not shown that the injunction is in the public interest.

With respect to the defendant's request, in the alternative, for an expedited briefing schedule, the Court's Order dated October 12, 2023, approving the government's application for a pre-motion conference to discuss an omnibus briefing schedule (including the pending motion to suppress), appears to render this request moot.  To the extent that is not the case, the defendant has failed to provide any reasons why an expedited briefing schedule is necessary here—the government has produced to the defendant the full extraction of the phone—and with respect to his need to have the physical phone returned (versus the data contained therein), he is in custody and is prohibited from having a phone.  See United States v. Corbett, No. 20-CR-213 (KAM), 2021 WL 4480626, at *5 (E.D.N.Y. Sept. 30, 2021) (noting that defendants' "continued inability to possess or use the cell phones while incarcerated significantly diminishes the importance of their prompt return.") (citation omitted) [2]

Finally, there are several factual errors in the defendant's October 12 letter regarding the government's actions, including numerous unsupported and baseless accusations.

---

[2] Indeed, the defendant has not had access to his phone since 2018, when he was arrested by the South African authorities.

3

For example, the government never "concealed"—that is actively prevented the defendant from knowing—that the government was in possession of his phone for "several months." See ECF No. 494. To the contrary, the *government* disclosed to defense counsel that it had the phone. Nor has the government "disturbingly" ignored defense counsel's assertions of a purported state secrets privilege on behalf of Mozambique after counsel claimed he conferred with an unnamed attorney representing Mozambique. See id. It is axiomatic that the defendant cannot assert this alleged foreign state secrets privilege (assuming it is legally cognizable) because the defendant is not the purported privilege holder; any privilege, if it exists, would be held by the Republic of Mozambique. To that end, on October 11, 2023, before the defendant lobbed this unfounded accusation, the government asked defense counsel to relay the government's contact information to the unidentified attorney representing Mozambique so that they could contact the government directly. To date, we have not received any communication from the Republic of Mozambique or any assertion of a so-called state secrets privilege by them. Thus, no one is "disturbingly" ignoring the purported state secrets privilege claim.

In addition, since September 18, 2023, the government has requested the names of attorneys whose communications might be on the phone, their law firms, and contact information so that communications with such attorneys can be searched for and withheld from the prosecution team. Despite requesting this information several times, over emails and telephone calls, and after providing both the complete contacts and the full extraction of the phone to defense counsel, the defendant has only given the government two last names—no first names, no law firms, no contact information whatsoever. Notwithstanding this refusal by the defendant for nearly a month to cooperate in the government's efforts to screen out privileged material, the government has been, and will continue to, act in good faith to avoid reviewing any potentially privileged materials. [3]

---

[3] In an email on October 13, 2023, counsel for the defendant requested that the government include in this submission "that the parties have already come to an impasse on how to appropriately protect privileges implicated by data on the 2018 Cellphone and we need to address that issue with the Court." The government does not agree with this claim. The government has actively been seeking to engage with defense counsel on this issue and is prepared to continue to have good faith discussions to attempt to resolve this issue without the need for Court intervention. Indeed, if defense counsel simply provides the names and contact information for any attorneys whose communications they believe may be stored on the phone, the government is committed to appropriately filtering out such communications.

On the record here, the defendant has failed utterly to demonstrate that he is entitled to the extraordinary and novel remedy of an injunction to prevent the government's continued investigation.  The defendant's request should therefore be denied.

Respectfully submitted,

BREON PEACE
United States Attorney

By:  ___/s/_____
Hiral D. Mehta
Jonathan Siegel
Assistant U.S. Attorneys
(718) 254-6293/6418

MARGARET A. MOESER                         GLENN S. LEON
Acting Chief, Money Laundering             Chief, Fraud Section
and Asset Recovery Section                 Criminal Division
Criminal Division, U.S. Dept. of Justice   U.S. Dept. of Justice

By: /s/_____          By:  ___/s/_____
Margaret A. Moeser                         Peter L. Cooch
(202) 598-2345                             Trial Attorney
                                           (202) 924-6259

cc:    Clerk of the Court (NGG) (by ECF)
       Counsel of Record (by ECF)