UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

MANUEL CHANG,

                Defendant.

MEMORANDUM & ORDER

18-CR-00681 (NGG) (CLP)

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court are the Government's and Defendant Chang's motions *in limine*. The court addresses one motion from the Government now given its time sensitivity. The remainder will be decided prior to trial.

The Government moves to preclude the Defendant from introducing in its case-in-chief exhibits without prior disclosure and requests an Order directing Chang to promptly identify and produce in Rule 16 discovery all documents and records he intends to use at trial. (Gov't MILs (Dkt. 571) at 75-77.) Chang responds that he intends to comply with his obligations under Rule 16 and the operative scheduling order in this case, which orders parties to exchange exhibits by July 5, 2024. (Chang Opp. (Dkt. 584) at 59; *see also* Pretrial Schedule (Dkt. 568).)

Pursuant to Rule 16(b)(1)(A), if a defendant "requests disclosure under Rule 16(a)(1)(E) and the government complies," then, upon request, the defendant must disclose to the government "books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items" in the defendant's "possession, custody, or control," which the defendant "intends to use" in his "case-in-chief at trial." Fed. R. Crim. P. 16(b)(1)(A). By its terms, Rule 16(b)(1)(A) does not extend to impeachment exhibits. *United States v. Daskal*, No. 21-CR-110 (NGG) (LB), 2023 WL 9424080, at *11 (E.D.N.Y. July 12, 2023) (citing *United States v. Napout*, No. 15-CR-252 (PKC),

2017 WL 6375729, at *7 (E.D.N.Y. Dec. 12, 2017)). However, it does extend to non-impeachment exhibits used to substantively challenge the elements of an offense, whether such exhibits are introduced through a government or defense witness. *Id.* (citing *Napout*, 2017 WL 6375729, at *7).

Given that trial is set to begin immediately following jury selection on July 15, 2024, the court thus GRANTS the Government's motion. The court ORDERS the following: to the extent that Chang intends to use any of the materials which are subject to disclosure under Rule 16(b)(1)(A), Chang shall disclose and produce these materials to the Government no later than <u>July 1, 2024</u>, two weeks prior to jury selection. *See United States v. Ortega*, No. 22-CR-91 (RA), 2023 WL 145615, at *1 (S.D.N.Y. Jan. 10, 2023) (collecting cases where courts required Rule 16 defense production two to three weeks before trial). This includes all materials Chang intends to use to bolster his theory of the case, or to substantively challenge the elements of the charged offense. *See Daskal*, 2023 WL 9424080, at *11. Other exhibits and materials should be exchanged pursuant to the Pretrial Schedule in this case. (*See* Pretrial Schedule.) Should Chang fail to produce Rule 16 material by this date, he will be precluded from using such evidence during his case-in-chief. *Ortega*, 2023 WL 145615, at *1.

SO ORDERED.

Dated:   Brooklyn, New York
         June 25, 2024

                                         s/Nicholas G. Garaufis
                                         NICHOLAS G. GARAUFIS
                                         United States District Judge