# Exhibit B

| | |
|---|---|
| **From:** | Matthew Herrington |
| **To:** | Jamie Hoxie Solano; Cannon, Brigham |
| **Cc:** | Arthur Kutoroff; Anjula Prasad; Adam Ford; Mehta, Hiral (USANYE); Ngai, Genny (USANYE); Matthew Herrington |
| **Subject:** | [EXTERNAL] Re: Chang Trial Subpoena to Credit Suisse (n/k/a UBS) |
| **Date:** | Saturday, June 22, 2024 9:41:01 AM |
| **Attachments:** | image001.png |
| | image002.png |

Dear Jamie,

We have never said that we needed to check with the government before responding to your requests.  We understand you made a similar misrepresentation to the Court.

Our concern with relevance should not be confusing because it is a fundamental limitation on the use of Criminal Rule 17.  In more than a thousand words you have said nothing more than that the statements made by our client's London barristers about UK legal claims relate to the same transactions in issue in your upcoming trial.  This falls well short of establishing relevance.  Moreover, the word admissible appears nowhere in your response.  This is because statements by a third party's lawyers in a foreign legal proceeding are obviously not admissible evidence — the second limitation of Criminal Rule 17.

Your statement that some other settlement agreement is of interest likewise fails to meet the call of our request.  This is not a civil litigation fishing expedition.  You have not made a credible pass at explaining either the relevance or admissibility of this document.

On the issue of burden, we agree that could the threshold requirements of relevance and admissibility be met the production of the opening statement would not be burdensome.  The same is not true as to the attachments thereto.  These include many documents produced under the equivalent of a protective order in the UK proceedings.  We are advised that the filing of the statement did not convert these records into public documents and that they lose protection under the protective order only if they are used in open court by any party.  Establishing the status of any particular document would be a burdensome process indeed.  If your team has the trial transcripts and ultimately, see below, gains access to our client's opening statement we would invite you to make detailed requests for attachments that you can show were used by other parties and meet the twin calls of relevance and admissibility.  Otherwise, those documents must be requested from either the producing party or the English court.

We reiterate our position below as to the improper use of Criminal Rule 17 qua Civil Rule 30(b)(6).  For avoidance of doubt, we do not represent Himanshu Depalu, a London-based paralegal.

Finally, because we do not believe your subpoena is an appropriate use of Criminal Rule 17 we have asked the government, which is better situated to judge and argue issues of admissibility and relevance in your case, to move to quash.  We will await the outcome of that motion.

Very truly yours,

Matt & Brigham



**From:** Jamie Hoxie Solano
**Date:** Wednesday, June 19, 2024 at 5:20 PM
**To:** matt, "Cannon, Brigham"
**Cc:** Arthur Kutoroff Anjula Prasad Adam Ford
**Subject:** Re: Chang Trial Subpoena to Credit Suisse (n/k/a UBS)

Matt and Brigham,

I know previously you've mentioned that you've needed to check with Hiral before responding to our requests, but I'm dropping the government from this email chain since the Court was clear at our hearing that the government is not to interfere with us seeking these documents from your client. I'm not sure why you continue to feel obligated to include Hiral in your correspondence; we have subpoenaed your client (not the government) and our dispute is with your client's refusal to produce the small number of subpoenaed records and an appropriate witness to testify about the information noted in the subpoena. If the government has given you any suggestion that you should not produce these records or produce an appropriate witness, that would be inconsistent with the government's prior position in our case, so please let us know.

Thank you for finally acknowledging that Credit Suisse did, in fact, prepare a written opening statement in the London Proceeding. Please confirm that you will produce this record, which obviously does not present any burden on your client. Your concern with relevance is confusing, especially as a third-party. As you know, and as we have explained to you, the records we are seeking relate to the exact same subject matter as the government's case against our client. You and Brigham are undoubtedly familiar with the subject matter because you represented Credit Suisse when the company pleaded guilty as a defendant to that same conduct. The other records we have obtained from the London Proceeding make very clear that the claims you characterize below address the identical subject matter as what will be addressed at trial. Unfortunately for your client, the government has made Credit Suisse a key, pivotal part of its case, likely in response to the Supreme Court's Ciminelli decision. The

government recently amended its indictment to allege that Credit Suisse is, now, a victim of fraud, and that actions undertaken by your client's former employees were both material to Credit Suisse's decisions and illegal. The government is also seeking to rely on many of your records in support of its prosecution of our client and, as we understand it, hopes to elicit testimony from someone who purports to speak for Credit Suisse. What could be more relevant of Credit Suisse's knowledge and understanding of the three loans and its decision to enter into those three loans (or, at least, Credit Suisse's position when it is not constrained by DOJ) than a written statement prepared in a litigation by Credit Suisse about Credit Suisse's knowledge and understanding of the three loans? Please confirm that this clears up any confusion on your end about relevance.

We note that we continue to be suprised by your refusal to agree to produce this record to us. Your hesitancy is inconsistent with your previous statement that your client was not interested in protracting this dispute and is also inconsistent with the response we have received from other third-parties (with whom the government did not interfere). We are aware that your agreements with the government prohibit Credit Suisse from publicly taking positions inconsistent with the government's version of the facts set forth in those agreements. Please confirm that you are not attempting to hide this document because they are inconsistent with the government's statement of facts incorporated into your agreements. Obviously, to the extent there are representations made in your opening statement that contradict the government's statement of facts (or the government's narrative against Mr. Chang in this case), that would be highly material to our defense. Based on the documents we have obtained from others from the London Proceeding, including your client's own filings in that case, we believe that to be the case. Please note further that your former employees produced their statements when requested to do so by the government. If the government asks you to produce these records, can you please confirm that you will comply with that request?

Your email below does not address that the subpoena commands you to produce the exhibits referenced in Credit Suisse's opening statement. Obviously, those exhibits have evidentiary value because your client referred to them *as evidence* in support of its statement about what happened in connection with these loans. If you are willing to produce the opening statement in advance of trial so we can attempt to narrow the request and lessen the number of exhibits sought, we are happy to proceed forward that way. If you are not interested in trying to narrow this down, we'll need you to confirm that Credit Suisse will be producing those exhibits to us as commanded by the subpoena.

As for the settlement document between Credit Suisse and Privinvest, we reject your prior representation to us that it does not contain any facts or could be used as evidence in our case. We obtained a copy of your client's settlement agreement with several other parties in the

London Proceeding, and that document contains information that we believe is material to our defense. Please confirm that this clears up any misunderstanding on your part about relevancy and you will produce the settlement document as commanded by the subpoena.

Finally, we disagree with your characterization that we are seeking a 30(b)(6) witness. We are not. From the information we currently have, it would seem that Himanshu Depala might be in a position to testify about some of the information noted in the subpoena. We are happy to continue the discussion with you about other appropriate representatives from Credit Suisse who can testify to the subject matter commanded by the subpoena.

Given the back and forth and your client's curious hesitancy to provide us with these basic records reflecting its position about these loans and projects, please also make sure both you and Brigham are available for the trial, which is scheduled to start July 15th in Brooklyn and expected to last 4-5 weeks. If either of you have any plans in August that would make either of you unavailable, please let us know. Please also make sure you are maintaining your records of communications between you and the government.

Thanks,

Jamie

> On Tue, Jun 18, 2024 at 8:53 PM Matthew Herrington ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ wrote:
>
> Dear Jamie,
>
> Thank you for your various emails.  Neither Brigham nor I were in the hearing last week so we cannot comment on what was or was not said there.
>
> As discussed on our several calls last week, Criminal Rule 17 is not a discovery device.  Rule 17 requires, among other things, that the documents sought are admissible and relevant.  *United States v. Nixon*, 418 U.S. 683, 699-700 (1974).
>
> First, you have requested the production of the opening position statement that was filed by Credit Suisse's barristers in the English court proceedings just before those claims were settled.  That document, which is not available in the public file of the UK court, is a 100-page submission treating (a) the Republic's ability to proceed under English law with its since-settled claims against Credit Suisse; (b) the Republic's entitlement under English law to declaratory relief on its since-settled claims; (c) the Republic's entitlement under English law to damages on its since-settled claims; (d) the Republic's entitlement under English law to consequential loss damages on its since-settled claims; (e) Credit Suisse's entitlement to

damages on its since-settled English law claims; and (f) the viability of since-settled claims brought under English law by other lenders.

Second, you have requested the production of a settlement agreement between Credit Suisse and Privinvest, the contractor with which Mozambique contracted to develop the underlying projects.

It is unclear how either document is relevant, much less admissible evidence, as respects the trial of your client.  As to both the documents you have requested, we ask that you explain the theory under which such materials would in fact be admissible evidence.

Finally, as also noted in out prior conversations, Criminal Rule 17 is not Civil Rule 30(b)(6) and the request for a production of an unidentified witness is not proper.

We look forward to your response.  We represent a third party to these proceedings and have no interest in being drawn in to disputes between the parties.

Matt

