UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
UNITED STATES OF AMERICA

                                                               Case No. 1:18-CR-00681

v.

MANUEL CHANG

                                  Defendant.
-------------------------------------------------------------x

## DEFENDANT MANUEL CHANG'S MOTION TO DISMISS
## COUNT ONE OF THE THIRD SUPERSEDING INDICTMENT

      Mr. Chang respectfully submits this motion to dismiss Count One of the government's Third Superseding Indictment, filed June 4, 2024. *See* ECF No. 578.

      First, Mr. Chang moves to dismiss Count One of the Third Superseding Indictment because it is barred by the statute of limitations. The Third Superseding Indictment does not relate back to the prior indictments because it materially broadens and substantially amends the scheme alleged in the wire fraud conspiracy charge. The Third Superseding Indictment changes the theory of the case to now allege that in addition to the investors who purportedly relied on representations made in the financing documents, Credit Suisse and VTB—the entities that arranged the loans and prepared the financing documents—are also now victims of Mr. Chang's fraud.[1] Prior versions of the indictment, consistent with the government's representation in the Boustani trial, did not allege that Credit Suisse and VTB were victim-investors.

      Second, the Third Superseding Indictment now also contains new allegations that Mr.

---

[1] *See* Third Superseding Indictment ¶ 13 (defining "Credit Suisse"); *id.* ¶ 17 (describing "Investment Bank 1," which is VTB).

1

Chang was first brought to the Eastern District of New York, and that his being brought to the airport after being arrested is the basis for venue being proper in this District. These allegations were not contained in prior versions of the indictment and also substantively change Count One, which previously only contained factual allegations to support the notion that part of the conspiracy occurred in the Eastern District of New York. Mr. Chang thus moves to dismiss Count One's new inclusion of the allegations relying on the "first brought" venue provision, Section 3238, because that venue provision does not apply to domestic conduct. Accordingly, Mr. Chang moves to dismiss Count One for improper venue under Rules 12(b)(3)(A) and 18 for its reliance on 18 U.S.C. § 3238, an extraterritorial venue provision.

**I.  Count One is barred by the statute of limitations and should be dismissed.**

Count One of the Third Superseding Indictment, conspiracy to commit wire fraud, is now time-barred by the applicable five-year statute of limitations. *See* 18 U.S.C. § 3282(a). The original indictment in this case was filed on December 19, 2018. *See* ECF No. 1. A first superseding indictment was filed on August 16, 2019. *See* ECF No. 137. A second superseding indictment was filed on December 21, 2023. *See* ECF No. 524. The operative Third Superseding Indictment was filed on June 4, 2024. *See* ECF No. 578.

The operative Third Superseding Indictment now alleges, for the first time, that Mr. Chang engaged in a conspiracy that involved obtaining money through an intent to defraud two entities who are in a markedly different posture from the previously identified victims. Count One now alleges that the conspiracy also involved Mr. Chang and others conspiring to engage in a scheme to defraud Credit Suisse and VTB—the two banks that prepared the loan documents that were presented to investors. These allegations were not previously asserted, and in fact were expressly disclaimed by the government in the Boustani trial. Accordingly, Count One should be

dismissed because it does not relate back to a timely filed indictment.

In determining whether the indictment relates back, the focus is on the indictment itself, not the government's intentions. *See United States v. Zvi*, 168 F.3d 49, 55 (2d Cir. 1999) (reversing district court, dismissing charges, and rejecting argument that relation back could be found based on AUSA's prior representations, as opposed to the indictment's allegations). The "issue then is whether the original *indictment* provided the defendant with timely notice" of changes to the superseding indictment. *See id.* (emphasis added) (citation omitted). The Court "must examine the two indictments carefully . . . to be certain that the second did not broaden or substantially amend the charges made in the first." *United States v. Grady*, 544 F.2d 598, 602 (2d Cir. 1976). A careful "examination is particularly necessary in view of the judicial policy favoring repose in close cases." *Id.* (citation omitted).

Here, there is no question that Count One has been substantively changed and will require different evidence than the prior indictments. Prior versions of Count One charged Mr. Chang with participating in a conspiracy to defraud investors and characterized Credit Suisse and VTB as arrangers of the loans at issue. *See, e.g.*, Indictment ¶ 24 ("The loans were arranged by [Credit Suisse] and [VTB] and sold to investors worldwide[.]"); Superseding Indictment ¶ 24 (same); Second Superseding Indictment ¶ 23 (same). Prior to the operative Third Superseding Indictment, the overview of the fraud scheme described a series of financial transactions through which Credit Suisse and VTB arranged loans that were guaranteed by the Government of Mozambique and sold to other investors, *see* Second Superseding Indictment ¶ 23, and also identified several representations that were allegedly false and misleading or misleading by omission in connection with two of the loans, *see id.* ¶ 54 ("To convince investors to exchange their EMATUM loan participation notes for Eurobonds, Andrew Pearse and Detelina Subeva,

together with bankers at Credit Suisse and [VTB], prepared documents that were sent to investors[.]"); *id.* (detailing specific alleged misrepresentations and omissions in documents sent to investors prepared by Credit Suisse and VTB).

Credit Suisse was expressly named in the Second Superseding Indictment—something that the government would never do if Credit Suisse was considered a victim—because it had entered into a deferred prosecution agreement for its conduct in connection with these loans, and its subsidiary pleaded guilty as a coconspirator. The allegations in the Second Superseding Indictment made very clear that the alleged fraud scheme was based on the loan documents that these banks drafted and that the banks were viewed differently from "investors." *See, e.g.*, Second Superseding Indictment ¶ 42 ("In reliance on the representations in the loan agreement and offering circular, investors purchased EMATUM loan participation notes."); *id.* ¶ 48 ("[VTB] solicited investors, using, among other things, the MAM loan agreement and a confidential information memorandum that summarized its terms."). Credit Suisse was affirmatively cast as a culpable coconspirator involved in alleged false and misleading statements about the EMATUM Exchange because those investor documents "did not disclose information that Credit Suisse had," allegedly rendering those documents false and misleading about Mozambique's creditworthiness. *See* Second Superseding Indictment ¶ 54. Consistent with prior versions of the indictment, the government explicitly acknowledged in the Boustani trial that Credit Suisse and VTB were not victims of the fraud scheme alleged in this case. *See* Boustani Trial Tr. 4800:22–24 (AUSA Bini confirming in rebuttal argument: "Defense counsel argued that you should not consider the lies to Credit Suisse and VTB. The Government doesn't argue that [Credit Suisse and VTB] are victims of the fraud scheme[.]").

The new Third Superseding Indictment dramatically shifts the nature of the alleged

4

scheme itself by changing the conspiracy's focus from defrauding investors who purchased investments on the basis of allegedly misleading financial documents issued by Credit Suisse and VTB to now alleging that Credit Suisse and VTB are "victims" as opposed to coconspirators. Adding two new purported victims *who themselves drafted and disseminated the documents that previously were labeled false and misleading*, and *one of whom pleaded guilty for this conduct*, is a dramatic, substantive change to Count One. This change both broadens the scope of the alleged conspiracy and substantially amends the conspiracy. The alleged conspiracy apparently now includes not only an aim to deceive investors who relied on the financial documents that Credit Suisse drafted, but also now has ballooned into a conspiracy to deceive Credit Suisse and VTB. This change requires different evidence for Mr. Chang to defend himself.

Additionally, as discussed further below, the Third Superseding Indictment contains new factual allegations that Mr. Chang was "first brought" to the Eastern District of New York as a basis to establish venue.

The changes to the Indictment here are similar to those in *United States v. Abakporo*, 959 F. Supp. 2d 382 (S.D.N.Y. 2013), a case in which the court found substantive changes to the indictment reflected that the charge did not relate back to the timely filed indictment. In *Abakporo*, the superseding indictment "d[id] not allege violations of a new statute or contain different elements," there also were "no new co-conspirators charged or identified and the additional transactions [were], like the transactions in the underlying indictments, part of a scheme to defraud property owners and lenders in connection with" loan transactions. *Id.* at 389. Nonetheless, the court held that the indictment did not relate back because the new indictment charged additional transactions that led to "a substantial amount of new evidence." *Id.*

Here, as in *Abakporo*, the Third Superseding Indictment now requires Mr. Chang to

5

defend himself not only against misrepresentations that Credit Suisse and VTB put in their loan documents to the investors who purchased the syndicated loans and the sovereign bonds, but also, now, allegations that he participated in a significantly broader conspiracy, with even more coconspirators to defraud the two banks, one of whom previously pleaded guilty to defrauding investors for drafting the documents that form the basis of the charges against Mr. Chang. This is not the same case; Count One should be dismissed as barred by the applicable five-year statute of limitations. *See* 18 U.S.C. §§ 1343 & 1349.

## II. Count One's inclusion of the extraterritorial venue provision is improper and should be dismissed.

The portion of Count One alleging and relying on extraterritorial venue under 18 U.S.C. § 3238 should be dismissed because the Count One wire fraud conspiracy charge does not apply extraterritorially, and Section 3238 only applies to extraterritorial offenses. The government has represented that Count One "alleges a domestic violation of . . . the wire fraud" statute. *See* Opp. to Mot. to Dismiss at 28, ECF No. 560. The Second Circuit has made clear that the "mail and wire fraud statutes do not indicate an extraterritorial reach." *Bascuñán v. Elsaca*, 927 F.3d 108, 121 (2d Cir. 2019).

However, the Third Superseding Indictment now includes factual allegations in the wire fraud conspiracy count that Mr. Chang was "first brought" to the Eastern District of New York, attempting to include allegations that mirror the venue provision in Section 3238. *See* Third Superseding Indictment ¶ 55. That venue provision is titled "Offenses not committed in any district," and addresses venue for extraterritorial, not domestic, offenses. The Second Circuit previously addressed appropriate venue for an international wire fraud scheme and rejected the notion that Section 3238 is the applicable venue statute for wire fraud, stating that the venue provision "applies only to offenses 'not committed in any district,' as its title indicates." *United*

*States v. Gilboe*, 684 F.2d 235, 239 (2d Cir. 1982). In *Gilboe*, the Second Circuit addressed an international wire fraud scheme and concluded that the appropriate venue provision was Section 3237, *not* Section 3238. *Id.* The Second Circuit returned to *Gilboe*'s reasoning in *United States Kim*, 246 F.3d 186, 191–92 (2d Cir. 2001), another international wire fraud conspiracy case, affirming a decision that the appropriate venue statute for such offenses is Section 3237. If there is any question, under the rule of lenity, Section 3238 should not be read to apply to Count One's wire fraud conspiracy charge. The Second Circuit has observed that Section 3238 is "opaque" and that "the history and text of § 3238 do make clear, at the very least, that the statute focuses on offense conduct *outside* of the United States." *United States v. Miller*, 808 F.3d 607, 619 (2d Cir. 2015) (emphasis added); *see also* Cong. Rsch. Serv., *Extraterritorial Application of American Criminal Law: An Abbreviated Sketch* at 6 (Mar. 21, 2023) ("Section 3238, the general provision, permits the trial of extraterritorial crimes"), https://crsreports.congress.gov/product/pdf/RS/RS22497.

For a conspiracy charge, "venue is proper in any district in which an overt act in furtherance of the conspiracy was committed." *United States v. Tzolov*, 642 F.3d 314, 319–20 (2d Cir. 2011) (internal quotation marks and citation omitted). But, importantly, "it must have been 'reasonably foreseeable' to each defendant charged with the conspiracy that a qualifying overt act would occur in the district where the prosecution is brought." *United States v. Kirk Tang Yuk*, 885 F.3d 57, 69 (2d Cir. 2018) (citation omitted); *see also United States v. Mackey*, 652 F. Supp. 3d 309, 325 (E.D.N.Y. 2023) (Garaufis, J.) (explaining conspiracy venue appropriate where either the conspiratorial agreement was formed or any overt act was committed for the purpose of accomplishing the objectives of the conspiracy so long as it was "reasonably foreseeable that the overt act would occur in that location").

7

Accordingly, Mr. Chang respectfully requests that the portion of Count One that seeks to apply Section 3238's extraterritorial venue provision to the domestic wire fraud conspiracy charge be dismissed as improper.

Dated: July 1, 2024

Respectfully submitted,

FORD O'BRIEN LANDY LLP

*/s/ Jamie Hoxie Solano*
Adam C. Ford
Jamie H. Solano
Anjula S. Prasad
Arthur Kutoroff

*Counsel for Manuel Chang*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2024, a true and correct copy of the foregoing was served via the Court's ECF filing system on all counsel of record.

*/s/ Jamie Hoxie Solano*
Jamie H. Solano
