UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────
UNITED STATES OF AMERICA,

    -against-

MANUEL CHANG,

                  Defendant.
───────────────────────────────

**MEMORANDUM & ORDER**
18-CR-00681 (NGG) (CLP)

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court are a number of issues raised by both parties in advance of the upcoming trial set to begin with jury selection on July 15, 2024. (*See* Chang Pretrial Ltr. (Dkt. 627); Gov't Pretrial Ltr. (Dkt. 637).) For the reasons set forth in this Memorandum & Order ("M&O"), the requests sought by both parties in their letters to the court are GRANTED in part and DENIED in part, with decision on some requests RESERVED until trial.

## I. BACKGROUND

The court assumes the familiarity with the allegations against the Defendant, which are discussed at greater length in prior opinions. (*See, e.g.,* Mem. & Order Resolving MILs dated 07/03/2024 ("MILs M&O") (Dkt. 626) at 1-5; Mem. & Order Denying Omnibus Mot. dated 5/31/2024 ("Omnibus M&O") (Dkt. 573) at 1-5.)

On July 5, 2024, the Defendant Chang submitted to the court a letter raising various issues and seeking the court's intervention. (*See generally* Chang Pretrial Ltr.) The following day, on July 6, 2024, the Government submitted its own letter raising additional issues to the court. (*See generally* Gov't Pretrial Ltr.) These issues primarily concern the disclosure and identification of certain materials for use at the upcoming trial.

1

## II. DEFENDANT'S LETTER MOTION

Chang raises the following issues to the court and requests that: (1) the court order the Government to immediately disclose all *Giglio* material; (2) the court order the Government to produce all *Jencks* material and to disclose the substance of certain conversations and with which AUSAs those conversations were had; (3) the Government identify the authors of all "raw notes;" (4) the court order the Government to make available all FBI agents who worked on this matter to provide testimony; (5) the court find that co-defendant Andrew Pearse waived his attorney-client privilege with his attorney Mr. Rupert Butler; and (6) the court take judicial notice of currency exchange rates. (Chang Pretrial Ltr. at 1-4.) The court takes each request in turn.

### A. *Giglio*/Impeachment Material of Declarants

The Defense claims that the Government has not "disclosed all *Giglio*/impeachment material of declarants who are not testifying in this case but who nonetheless will be declarants through the government's proof at trial." (*Id.* at 1.) Chang has repeated this request, and the Government has consistently represented that it is not aware of any *Giglio* material in its possession that has yet to be produced to the defense. (*See, e.g.,* M&O dated 7/8/2024 (Dkt. 645) at 8-9.) The Government further acknowledges its continuing obligations and submits that it will continue to make rolling productions of *Giglio* material to the Defense when such material becomes available. (Gov't Opp. to Chang Pretrial Ltr. (Dkt. 651) at 1.) The Defendant's motion is therefore DENIED as MOOT.

### B. *Jencks* Material and Other Notes of Interviews

In addition to *Giglio* material, the Defense also requests that the court order the Government to produce *Jencks* material for Rupert Butler, Katie Reith, and any other witnesses for which it has

2

not yet done so. (Chang Pretrial Ltr. at 1.) In light of the Government's representation that it has produced all impeachment material and interview notes of its witnesses, (Gov't Opp. to Chang Pretrial Ltr. at 2-3), this request is also DENIED as MOOT.

Relatedly, if no official reports of these interviews exist, Chang asks that the court order the Government to "disclose (1) the substance of what was said and (2) identify which AUSA had such conversations in the event the witness's testimony differs from what was said pretrial, in the event such AUSA is required to be a witness." (Chang Pretrial Ltr. at 1.)

The Second Circuit has explained that "[t]he Jencks Act requires the Government to produce to the defendant any 'statement' by the witness that 'relates to the subject matter as to which the witness has testified.'" *United States v. Rodriguez*, 496 F.3d 221, 224 (2d Cir. 2007) (quoting 18 U.S.C. § 3500(b)). "Statements" include only those that have been "memorialized in some concrete form, whether in a written document or electrical recording." *Id.* (citing 18 U.S.C. § 3500(e)). "This obligation has no application where, as here, no such memorialization has been created in the first place." *Id.* The Jencks Act, 18 U.S.C. § 3500(b), is therefore inapplicable to witness interviews where there are no memorialized statements. To be clear, however, "[f]rom the fact that the Government is not required to make notes of a witness's statements, it does not follow that the Government has no obligation to inform the accused of information that materially impeaches its witness." *Id.* at 225. However, where the Government has represented that it has disclosed all impeachment material in its current possession, there is no obligation or basis under the statute to disclose the substance of all witness interviews and with whom those interviews were conducted. Accordingly, this request is DENIED.

3

### C. Identification of Authors of "Raw Notes"

The Defendant claims that "the government has produced 'raw notes' of interviews with testifying witnesses and did not also provide an accompanying report that discloses who authored the notes." (Chang Pretrial Ltr. at 2.) However, the Defense in its letter provides no further details about the documents it refers to. The Government attempts to identify the author of the notes it speculates Chang may be referring to, and further submits that should there be additional documents that he needs the author of, the Government will identify those people to the extent possible. (Gov't Opp. to Chang Pretrial Ltr. at 3.) In his Reply, Chang identifies examples of "raw notes" that do not show an author. (Chang Reply Ltr. (Dkt. 659) at 2.) To the extent possible, the parties should endeavor to confer and resolve issues before writing to the court. Because the Government has stated that it does not object to identifying the authors of these notes, the request is DENIED as MOOT.

### D. Producing Investigative Case Agents at Trial

The Defendant also asserts that the Government has failed to clarify whether the U.S. Attorney's Office views FBI case agents as governed by *Touhy* regulations and therefore requests that the court "order the U.S. Attorney's Office to make available the FBI agents who worked on this investigation to provide testimony about their work conducted on this investigation." (Chang Pretrial Ltr. at 2.) The Government has since clarified that position, explaining in its response that *Touhy* covers any "former or current Department of Justice employee." (Gov't Opp. to Chang Pretrial Ltr. at 4); *see also* 28 C.F.R. § 16.24(c). This court agrees. Should the Defense seek to elicit testimony from any FBI agent involved in this matter, it must follow the *Touhy* regulations, including "setting forth a summary of the testimony sought" for each FBI agent. 28 C.F.R. § 16.23(c). Given that the Government has agreed to identify the authors of the "raw notes," Chang

should be able to provide a summary of the testimony sought and satisfy the requirements set forth in the *Touhy* regulations. The motion is therefore DENIED, with leave to renew if the Government fails to provide information about the authors of the interview notes.

### E. Attorney-Client Privilege

Chang asserts that Pearse has waived his attorney-client privilege protections regarding Mr. Butler's representation of him in the U.K. Proceedings based on representations made in a document recently produced in the Government's *Giglio* material. (Chang Pretrial Ltr. at 3.)

"[A] party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party." *In re Grand Jury Proc.*, 219 F.3d 175, 182 (2d Cir. 2000).

The parties dispute the extent to which Pearse disclosed communications with his lawyer or blamed his lawyer for a potentially inconsistent past statement(s). The court therefore RESERVES decision until trial, to allow for the additional context of Pearse's testimony to inform the decision. Whether limited waiver of privilege is justified depends on the extent to which Pearse explains potentially inconsistent past statements by disclosing privileged communications with Mr. Butler.

Relatedly, the Government, in its response to Chang's letter and proposed jury instructions, requests that the court either order the Defendant to disclose the advice provided by counsel, or to preclude the Defendant from advancing an advice-of-counsel defense at trial (*see* Gov't Opp. to Chang Pretrial Ltr. at 8-9). The Government argues that Chang's proposed instruction on an advice-of-counsel defense makes clear he intends to advance that theory at trial but that he has failed to give proper notice of the

defense. (*Id.*) Chang has noted in reply that he does not intend to assert the defense at trial, but rather show how the effect of advice given by outside counsel for the Republic of Mozambique impacted the Defendant's intent. (Chang Reply Ltr. at 5.) Decision on this motion is also RESERVED pending further discussion and development at trial.

### F. Judicial Notice

Chang's request for the court to take judicial notice of currency exchange rates as reflected in his exhibits is GRANTED.

### III. GOVERNMENT'S LETTER MOTION

In a separate letter, the Government raises the following issues to the court and requests that: (1) the court order the Defendant to produce all 26.2 material; (2) the court order the Defendant to identify each certification for each proposed defense exhibit that the Defendant intends to authenticate via certification; (3) the court order the Defendant to provide Bates or other document identification numbers for each document on its exhibit list; and (4) the court order the Defendant to individually mark the exhibits from the *Boustani* trial that the Defendant intends to use at trial. (Gov't Pretrial Ltr. at 1-3.)

### A. The Production of Rule 26.2 Material

The Government requested that the Defendant be directed to produce outstanding Rule 26.2 material. (Gov't Pretrial Ltr. at 1.) The Defendant represented that he does not possess any outstanding Rule 26.2 material, (Chang Opp. to Gov't Pretrial Ltr. (Dkt. 640) at 1), and the Government's reply does not further address the issue. (*See* Gov't Reply Ltr. (Dkt. 641).) The court views this request as moot, and therefore DENIED.

### B. Identification of Certifications for Defense Exhibits

The Government requests that the Defendant identify which certification (business records, foreign records, or foreign public

6

records) corresponds to each of his defense exhibits. (Gov't Pretrial Ltr. at 1-2.) Rather than identify how each exhibit will be authenticated, the Defendant responds that "the entirety of Mr. Chang's exhibit list is made up of (1) documents the government produced to us, (2) documents we received from Rule 17(c) subpoenas that have been produced to the government, and (3) documents that are publicly available online . . . ." (Chang Opp. to Gov't Pretrial Ltr. at 1.) The Defense seems to believe this provides the Government with sufficient notice for the purposes of Fed. R. Evid. 902(3), Fed. R. Evid. 902(11), and 18 U.S.C. § 3505. That is incorrect.

Fed. R. Evid. 902(3)(a), under which the Defense plans to authenticate their foreign public records without a certificate, (see Chang Opp. to Gov't Pretrial Ltr. at 2), requires giving all parties "reasonable opportunity to investigate the document's authenticity and accuracy." Similarly, Fed. R. Evid 902(11) and 18 U.S.C. § 3505 require notice for authentication via certificate.

To provide such notice, the Government supplied a chart specifying the certificates it plans to use for many of its business record exhibits, (see Ex N. to Gov't MILs (Dkt. 571)), and the Government was ordered to continue providing certificates as they became available. (*See* MILs M&O at 38-41.) The Defense is subject to the same expectations regarding notice. Accordingly, the Government's request is GRANTED and Defendant is DIRECTED as follows: the Defendant must specify the records it plans to authenticate under Rule 902(11) or 18 U.S.C. § 3505, and to identify the relevant certificate. To be clear, the Defense is not required to obtain its own certificates; it is merely instructed to specify which certificate produced by the Government applies to each of its exhibits. Cross-referencing defense exhibits with Government identifiers (as ordered *infra*) and specifying that the Government's certificate will be used is sufficient. The Defense is

further DIRECTED to identify which exhibits it plans to authenticate without a certificate as foreign public records under Rule 902(3). The court also reminds the parties that documents which are "publicly available online" or "received from Rule 17(c) subpoenas" must be properly authenticated.[1]

### C. Cross-Referencing Defense Exhibits with Government Identifiers

The Government also seeks an order requiring the Defendant to provide Bates or other document identification numbers for each defensive exhibit listed on his exhibit list. (Gov't Pretrial Ltr. at 2.) Chang represents that each of his exhibits has an exhibit stamp and that most have Bates numbers from the Government's production. (*See* Chang Opp. to Gov't Pretrial Ltr. at 2.) To the extent the Defense exhibits do not already reference Government Bates numbers, the motion is GRANTED and the Defendant is DIRECTED to cross-reference his Defense exhibit numbers with common identifiers (either a Government exhibit number or a Government Bates range) for each applicable exhibit in his exhibit list.[2]

### D. The Use of Trial Exhibits from the *Boustani* Trial

The Government contends that the Defense designated "Marked Trial Exhibits Referenced in Jean Boustani's Prior Trial Testimony," as a defense exhibit, "without any further details or information." (Gov't Pretrial Ltr. at 2 (citing Def.'s Ex. List at 55).) The Government requests that the Defendant be required to

---

[1] The court reiterates its desire for the parties to stipulate to the authenticity of exhibits wherever possible; doing so will obviate the need to provide notice as ordered here.

[2] Defendant Chang is reminded of the court's Rule 16 Order directing him to disclose all Rule 16 materials by July 1. (*See* Rule 16 M&O dated 6/25/2024 (Dkt. 600) at 1-2.) Should it be revealed that this Order has not been complied with, the court will preclude the Defendant from using such evidence during his case-in-chief.

identify which of the exhibits from the *Boustani* trial he seeks to admit, mark them, and specify how he intends to authenticate those documents. (*Id.*) In response, the Defendant explains that he is not in a position to individually identify which, if any Government exhibits from the *Boustani* trial he may introduce until the Government's case-in-chief, (Chang Opp. to Gov't Pretrial Ltr. at 2), in part because the exhibits the Defense would seek to introduce would be provided to aid in the reading of portions of Mr. Boustani's prior trial testimony. (*Id.*)

In light of this court's prior order directing Chang to provide 24-hour detailed notice of the specific portions of testimony from the *Boustani* trial it seeks to use, (*see* MILs M&O at 57-58), the court further ORDERS Chang to disclose to the Government which of the specific marked exhibits from the *Boustani* trial it intends to use in its case-in-chief within the same 24-hour notice. Should those exhibits change during the course of trial, Chang is directed to provide notice to the court and the Government as soon as practicable, but no later than 24 hours prior to the date of trial for which Chang will seek to admit the specific testimony. The court further reminds the Defendant that an exhibit's authentication in the *Boustani* trial does not relieve the Defense of its obligation to authenticate said exhibit here.

## IV. CONCLUSION

For the reasons discussed in this M&O, the parties' requests in their pretrial letters are GRANTED in part and DENIED in part, with decision on some requests RESERVED until trial. Additionally, the court DIRECTS the Defendant as follows:

(1) To specify the records he intends to authenticate under Rule 902(3), Rule 902(11) or 18 U.S.C. § 3505, and to identify the relevant certification where applicable.

      (2)    To identify and cross-reference those defense exhibits that do not already include common identifiers with either a Government exhibit number or a Government Bates range.

      (3)    To disclose to the Government which of the specific marked exhibits from the *Boustani* trial it intends to use in its case-in-chief at least 24 hours prior to the date of trial for which Chang will seek to admit the specific testimony.

SO ORDERED.

Dated:    Brooklyn, New York
             July 10, 2024

                                                s/Nicholas G. Garaufis
                                                NICHOLAS G. GARAUFIS
                                                United States District Judge