UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

MANUEL CHANG,

                Defendant.

MEMORANDUM & ORDER

18-CR-00681 (NGG) (CLP)

NICHOLAS G. GARAUFIS, United States District Judge.

On July 1, 2024, Defendant Manuel Chang ("Defendant" or "Chang") moved to dismiss Count One of the Third Superseding Indictment, which charges wire fraud conspiracy, on two grounds. (*See* Def.'s Mot. to Dismiss Count One ("Mot.") (Dkt. 619).) First, the Defendant argues that Count One does not relate back to prior indictments and is therefore time-barred by the statute of limitations. Second, the Defendant argues that Count One improperly includes an extraterritorial "first brought" venue provision. For the reasons discussed below, neither argument has merit. Defendant's motion to dismiss Count One of the Third Superseding Indictment is therefore DENIED.

## I. BACKGROUND

The court assumes the familiarity with the allegations against the Defendant, which are discussed at greater length in prior opinions. (*See, e.g.*, Mem. & Order Resolving MILs dated 7/3/2024 ("MILs M&O") (Dkt. 626) at 1-5; Mem. & Order Denying Omnibus Mot. dated 5/31/2024 ("Omnibus M&O") (Dkt. 573) at 1-5.) Of note, the Third Superseding Indictment was returned last month, on June 4, 2024. (*See* Third Superseding Indictment ("Indictment") (Dkt. 578).) A month later, Defendant Chang filed the instant motion.

1

## II. DISCUSSION

The court first addresses the Defendant's statute of limitations argument. Chang argues that the five-year statute of limitations, as set forth in 18 U.S.C. § 3282(a), on the wire fraud count of the Indictment has run. (Mot. at 2 (listing the indictments filed in this case, including the original indictment that was filed on December 19, 2018 and the operative indictment that was filed on June 4, 2024).)

Once a grand jury returns an indictment, the statute of limitations is tolled for the charges in that indictment. *United States v. Salmonese*, 352 F.3d 608, 622 (2d Cir. 2003). When the Government supersedes a timely-filed indictment, any charges in the superseding indictment are deemed to relate back to the prior indictment for the determination of timeliness if they do not "materially broaden[]" or "substantially amend[]" the charges in the earlier indictment. *United States v. Ben Zvi*, 242 F.3d 89, 98 (2d Cir. 2001). To determine whether the charges in a superseding indictment materially broaden or substantially amend the charges in an earlier indictment, the Second Circuit has guided courts to "consider whether the additional pleadings allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence." *Salmonese*, 352 F.3d at 622-23. The "touchstone" of this analysis is notice which focuses on "whether the original indictment fairly alerted the defendant to the subsequent charges against him." *Id.* Including additional overt acts in a superseding indictment does not materially broaden or amend the charge if it "simply flesh[es] out or provide[s] more detail about the originally charged crime." *Id.*

The crux of Chang's argument is that the Government substantially amends the scope of the charged conspiracy, from one in which Credit Suisse and VTB were co-conspirators to one in

which Credit Suisse and VTB were defrauded investors. (Mot. at 2-6.)

The court finds that this amendment does not materially broaden or substantially amend the conspiracy. Count One of the Second Superseding Indictment charged that the Defendant did "knowingly and intentionally conspire to devise a scheme and artifice to defraud one or more investors and potential investors in Proindicus, EMATUM, MAM and the Exchange" through fraudulent means. (Second Superseding Indictment (Dkt. 524) ¶ 57.) Count One of the Third Superseding Indictment was updated to remove one of the investments and specify investors that were defrauded, charging that the Defendant "did knowingly and intentionally conspire to devise a scheme and artifice to defraud one or more investors and potential investors in Proindicus, EMATUM and MAM, including Credit Suisse and Investment Bank 1." (*See* Indictment ¶ 57.) Superseding charges that narrow, rather than broaden, are timely, so the removal of the Exchange investors does not affect the timeliness of the Third Superseding Indictment. *See United States v. Zvi*, 168 F.3d 49, 54 (2d Cir. 1999). And the specification of two investment bank investors in the indictment does not materially expand the scope of the conspiracy. *See id.*, 168 F.3d at 54 ("Superseding indictments have been deemed timely when they simply added detail to the original charges.").

Further, there is no indication that the specification of Credit Suisse as an investor has prevented Chang from being fairly alerted to the conduct that forms the basis for the charges against him. *See Salmonese*, 352 F.3d at 622 (noting that the touchstone of this analysis is notice).

For these two reasons, the motion to dismiss Count One of the Third Superseding Indictment as time-barred is DENIED.

The Defendant also moves to dismiss Count One because it contains allegations that venue is proper because Chang was "first

3

brought" to the Eastern District of New York under 18 U.S.C. § 3238. (Mot. at 6-8.) The court has already addressed this argument in its previous Memorandum & Order that responded to the parties' various motions *in limine*. (*See* MILs M&O at 21-26.) In that Order, the court found that the Government sufficiently alleged venue and was thus permitted to prove venue under 18 U.S.C. § 3238 at trial. (*See id.*) That ruling is law of the case. *See Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009) ("The law of the case doctrine commands that 'when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case' unless 'cogent and compelling reasons militate otherwise.'" (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002))). Because the Defendant has not pointed to any cogent or compelling reasons to reconsider that decision, his motion to dismiss Count One for improper venue is DENIED.

### III. CONCLUSION

For these reasons, the Defendant's motion to dismiss Count One of the Third Superseding Indictment is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
July 2, 2024

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge'

4