

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

HDM/GN/PC/MC
F.# 2016R00695

271 Cadman Plaza East
Brooklyn, New York 11201

July 21, 2024

<u>By ECF and Email</u>

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   United States v. Manuel Chang
      <u>Criminal Docket No. 18-681 (NGG)</u>

Dear Judge Garaufis:

The government writes to respectfully request that the Court provide a curative instruction to the jury in response to misleading and improper argument made by defense counsel during their opening statement. This week, the government intends to call, among other witnesses, a wire transfer expert and financial institution witnesses to testify about how and whether wire transfers were processed through New York City in furtherance of the charged conspiracies.

During their opening statement, defense counsel improperly argued:

> [The government is] also going to call another category of witnesses. These are the experts, the agents, and the individuals at banks who know about wire transfers. They're going to call six witnesses, six witnesses, to tell you about how money moves around the world.
>
> It seems very complicated. There's chips, there's Fedwire, and stuff moves sort of through the air and under water. And it's going to seem very technical and fascinating, interesting. But you will be free to ask yourselves why there are six witnesses come in here talking to me about wires? There's no dispute over what wires were sent. We know that.
>
> And I would submit to you that you could consider that because the Government doesn't have the actual hard evidence of the agreement, Mr. Chang, contrary to their story, they're going to will bring all these other witnesses to sort of talk around the issues, fill up the time, hoping maybe you'll get distracted, hoping maybe these witnesses will do the trick even though they're not giving you the evidence that you need.

Trial Transcript ("Tr.") at 59-60 (Mr. Ford).

Mr. Ford essentially argued that the only reason the government will be calling multiple witnesses on the subject of "how money moves around the world" is to "distract[]" the jury. (Id.)  This argument (like any argument) should not have been made during opening statements and is prejudicial and misleading.  The government intends to call these witnesses because it bears the burden of proof and expects that their testimony will prove, among other things: (1) venue; (2) the use of U.S. wires; and (3) and the transfer of money to, from, or through the United States.  Moreover, the defendant has repeatedly refused to stipulate to the facts that he inaccurately represented to the jury were not in dispute, including basic facts about how wire communications travel to and from Manhattan and where CHIPS processed wire transfers during relevant time periods.  See id.  ("There's no dispute over what wires were sent.")  If the defendant truly did not dispute these issues, as he told the jury, the government would not need to call Joel DeCapua and Robert Pepitone.  In sum, the defendant's argument during his opening statement that the government is only calling such witnesses to distract the jury is improper, prejudicial, and misleading.

The government therefore requests that the Court issue the following jury instruction before it calls its first expert, Sean O'Malley:

> The government intends to call multiple experts and other witnesses from financial institutions in New York City to testify about, among other things, the processing of U.S. dollar wire transfers.  During opening statements, counsel for the defendant stated that the government was calling these witnesses for a reason other than to prove its case.  That was incorrect.  The government bears the burden of proof, and it is calling these witnesses to present evidence for your consideration.  Please remember that the government is not on trial, and I instruct you to disregard any arguments that may have been made to the contrary.  There is no evidence that the government is operating under any kind of improper motive.  You must base your decision only on the evidence or lack of evidence that has been presented at trial in determining whether the government has met its burden of proving defendant's guilt beyond a reasonable doubt.

Adapted from the charge of the Honorable Brian M. Cogan, United States v. Guzman Loera, 09-CR-466, selected excerpt attached as Exhibit A.

Respectfully submitted,

BREON PEACE
United States Attorney

By:    /s/_____
Hiral Mehta
Genny Ngai
Assistant U.S. Attorneys
(718) 254-7000

GLENN S. LEON
Chief, Fraud Section
Criminal Division
U.S. Dept. of Justice

By:    /s/_____
Peter L. Cooch
Trial Attorney
(202) 924-6259

MARGARET A. MOESER
Chief, Money Laundering & Asset
Recovery Section
Criminal Division
U.S. Department of Justice

By:    /s/_____
Morgan J. Cohen
Trial Attorney
(202) 616-0116

cc:    Clerk of Court (NGG) (by ECF)
      Defense counsel (by ECF)