

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

| | |
|---|---|
| HDM/GN/PC/MC | *271 Cadman Plaza East* |
| F.# 2016R00695 | *Brooklyn, New York 11201* |

July 26, 2024

<u>By ECF and Email</u>

The Honorable Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

           Re:    <u>United States v. Manuel Chang</u>
                   <u>Criminal Docket No. 18-681 (NGG)</u>

Dear Judge Garaufis:

        The government respectfully writes to address certain of the defendant's proposed jury instructions (ECF No. 632 ("Def. Charge")), as well as his proposed special verdict form (ECF No. 632-1).[1]  Specifically, with to respect Articles 7 and 8 of Law 6/2004, the defendant's proposed instructions would (1) bar the government from relying on circumstantial evidence, and (2) obligate the government to prove "bribery" as defined in 18 U.S.C. § 666, a statute the defendant is not charged with violating and which is irrelevant to the laws at issue in this case.  These proposed instructions are erroneous, confusing, and without legal and factual support.

        In addition, the defendant's proposed special verdict form erroneously requires jury unanimity as to the Specified Unlawful Activities ("SUAs") alleged in Count Two, Conspiracy to Commit Money Laundering, which is contrary to controlling Second Circuit precedent.  Indeed,

---

[1] The government continues to maintain that its proposed jury charge is correct and appropriate and writes here only to address specific issues regarding the defendant's instructions for Articles 7 and 8 of Law 6/2004.  The government disagrees with the vast majority of the defendant's proposed jury charge; the defendant fails to cite to case law or other authority for many of his proposed instructions, does not conform to instructions given in this District or by the Court, misquotes the language of the counts in the Third Superseding Indictment, and omits entirely an instruction on first-brought venue.

earlier today, Judge Vitaliano rejected this very claim in <u>United States v. Aguilar</u>, 20-cr-390 (ENV).[2]

Accordingly, the government requests that the Court provide the jury with the government's proposed instructions regarding Articles 7 and 8 of Law 6/2004 (ECF No. 631 at 28-30), as well the government's proposed verdict firm, which accurately reflects what the law requires.

1. <u>The Defendant's Attempt to Prohibit the Government from Relying on Circumstantial Evidence to Prove His Violation of Law 6/2004 Is Meritless and Should Be Rejected</u>

The defendant maintains that, unlike every other disputed issue on which the Court will instruct the jury, the elements of Articles 7 and 8 of Law 6/2004 may only be proven by "direct, concrete evidence." (Def. Charge at 56-57.) According to the defendant: "Under Mozambique law, the prosecutor may not rely on inference, analogy, or solely circumstantial evidence to prove a violation of Article 7 or Article 8 of Law 6/2004. (Decree 35007 of October 13 of 1945, articles 1º, 10º and 12º; Articles 18, 307 and 308 of the 1886 Penal Code)." (<u>Id</u>. at 58.) This assertion is without merit.[3]

<u>First</u>, although the government must prove that the defendant conspired to promote, or to conceal proceeds derived from, a violation of the specified Mozambican bribery laws, it is not aware of any authority stating that in order to do so, it must comply with Mozambican methods of proof, or the limits thereon. Courts routinely instruct juries that "[i]n determining what the facts are, and in arriving at your verdict, you are to consider all of the evidence in this case — direct and circumstantial." <u>See</u> <u>United States v. Kurland</u>, 20-cr-306 (NGG), ECF No. 236-2 at 13 (Jury Charge). Instructing the jury that there are different methods of proof for different elements of the same crime, as the defendant asks the Court to do, will create serious confusion.

<u>Second</u>, the defendant's claims are simply incorrect. The defendant cites two authorities as the basis for his belief that only direct evidence may be used to prove violations of Law 6/2004: (1) Articles 18, 307, and 308 of the 1886 Penal Code; and (2) Articles 1, 10, and 12 of Decree 35007, a presidential decree issued in October 1945. (Def. Charge at 57.) Neither of these are authorities are currently in effect. The defendant himself previously informed the Court that "a 2015 law explicitly repealed the entirety of the 1886 Penal Code." (ECF No. 572 at 26.) Even if the cited provisions of the 1886 Penal Code say what the defendant claims — which the government does not know as the defendant has not provided translated copies of these laws — he cannot rely on them now. Similarly, Decree 35007 was repealed in 2019 when a new Criminal

---

[2] <u>See</u> <u>United States v. Aguilar</u>, 20-cr-390 (ENV) (ECF No. 365 ("<u>Aguilar</u>") at 29-32), attached as Exhibit A.

[3] The government also notes that the defendant has not provided the government or the Court with translations (or even Portuguese versions) of the authorities — Articles 1, 10, and 12 of Decree 35007 and Articles 18, 307, and 308 of the 1886 Penal Code — cited in his proposed jury charge in support of this claim.

2

Procedure Code was enacted.[4]  Even prior to that repeal, however, Mozambican criminal law did not prohibit the use of circumstantial evidence.[5]  There is no basis for the Court to do so here.

In sum, the defendant's attempt to prohibit the government from using circumstantial evidence in order to prove his violations of Law 6/2004 is nothing more than an attempt to functionally raise the government's burden of proof.  It should be rejected.  The Court should instruct the jury on this law using the government's proposed instructions.  (See ECF No. 631 at 28-30.)

2. *Synder*'s Definition of "Bribery" Is Irrelevant to Both Law 6/2004 and 18 U.S.C. § 1956(c)(7)(B)(iv)

The defendant's proposed instructions regarding Law 6/2004 are further muddled by his attempt to shoehorn in the definition of "bribery" adopted by the Supreme Court in Snyder v. United States, 144 S. Ct. 1947 (2024).  Citing Snyder (without providing any pin cites), the defendant requests that the Court issue the following instruction to the jury:

> Under the law, if you find that the government proved a violation of either Mozambique law beyond a reasonable doubt, you must also find that the violation was for "bribery," and not for something else that violated the Mozambique law.  Under the law, "bribery" is a promise in exchange for an official act that is promised or given before the official act to induce and in exchange for the official act to be undertaken or not undertaken.  It requires a quid pro quo.  By contrast, a payment accepted after an official act has been undertaken, as in something given as a token of appreciation after the official act, is not bribery.  I am instructing you that in order for you to find that the specified unlawful activity was bribery against a foreign nation in violation of Mozambique law, you must find both that the government has proven a violation of Mozambique law and that the act was bribery.

(Def. Charge at 58.)  This attempt to require the government to prove more than the law demands is squarely foreclosed by controlling Second Circuit precedent, the reasoning of the decision itself, and common sense.

---

[4] See Orquídea Massarongo-Jona and Isaura Ernesto Muhosse, Republic of Mozambique – Legal System and Research, GLOBALEX (November/December 2022), https://www.nyulawglobal.org/globalex/mozambique1.html (stating that the Criminal Procedure Code approved by Law 25/2019 "revokes . . . Decree-Law No. 35007 of 13 October 1945.").

[5] See PEDRO GOMES PEREIRA ET AL., BASEL INSTITUTE ON GOVERNANCE, OVERVIEW AND ANALYSIS OF THE ANTI-CORRUPTION LEGISLATIVE PACKAGE OF MOZAMBIQUE (2012), https://baselgovernance.org/sites/default/files/2018-12/Mozambique_Legal_analysis.pdf ("Although there is no specific provision in the Criminal Procedure Code of Mozambique pertaining to the use of indirect methods of proof in the criminal proceedings, such can be inferred as the corresponding word for circumstantial evidence in Portuguese is indício, which is used throughout the procedural provisions for the production of evidence in the Criminal Procedure Code.")

3

First, Snyder interprets the definition of "bribery" in 18 U.S.C. § 666, a statute the defendant is not charged with violating and which has no relevance whatsoever to the Mozambican law issues in this case.

Second, courts routinely decline on comity grounds to use U.S. legal standards to interpret foreign criminal laws. In United States v. Thiam, the defendant was convicted of "money laundering and conducting transactions in property criminally derived through bribery in the Republic of Guinea." 934 F.3d 89, 92 (2d Cir. 2019). The defendant in Thiam argued that the court erred by failing to apply the definition of "official act" adopted in the Supreme Court's decision in McDonnell v. U.S., 579 U.S. 550 (2016), to the term "official act" as used in the applicable provisions of Guinea's Penal Code, violations of which were the specified unlawful activity ("SUA") underlying Thiam's convictions. Id. at 93. The Second Circuit rejected this argument, holding that "[p]rinciples of international comity . . . counsel against applying the 'official act' definition set forth in McDonnell to . . . Guinea's Penal Code because this would require us to interpret Guinean law and, in doing so, limit conduct that Guinea has chosen to criminalize." Id. at 94. Thiam is on all fours with this case. Accordingly, this Court should reject, on international comity grounds, the defendant's invitation to use § 666's definition of "bribery" to "limit the conduct" that Mozambique "has chosen to criminalize" in its anti-corruption laws. Id.; see also United States v. Giffen, 326 F. Supp. 2d 497, 507 (S.D.N.Y. 2004) (declining to read U.S. honest services fraud into Kazakhstan law on international comity grounds).

Third, Snyder does not limit or even address the definition of "bribery" in the money laundering statute's "bribery of a public official" SUA. See 18 U.S.C. § 1956(c)(7)(B)(iv). As noted, Snyder interprets the term "bribery" in § 666, not § 1956(c)(7)(B)(iv), the statute actually charged in this case. Its ruling was based on, among other factors, the statutory text and legislative history of § 666, as well as federalism concerns — none of which are relevant here. Nor does Snyder hold, as the defendant seems to believe, that its interpretation of "bribery" in § 666 applies to every federal statute that merely mentions "bribery."

Fourth, the notion that the millions of dollars in bribes the defendant received are mere "gratuities" of the kind addressed in Snyder is plainly absurd. Gratuities are "token[s] of appreciation," such as "a holiday tip to the mail carrier," "an end-of-year gift basket to [your] child's public school teacher," or a "college sweatshirt [given] to a city council member who c[a]me[] to speak at an event." Snyder, 144 S. Ct. at 1952. A "token" gratuity is not $7 million in illicit payments deposited in foreign bank accounts.

Accordingly, Snyder is irrelevant to both Law 6/2004 and § 1956(c)(7)(B)(iv) and should not be relied on for any purpose.

3. Jury Unanimity on SUAs Is Not Required

The defendant's proposed special verdict form requires jury unanimity as the two SUAs alleged in Count Two. This is improper and should be rejected. Just today, Judge Vitaliano issued a decision in Aguilar rejecting this exact claim. His reasoning is instructive.

4

In <u>Aguilar</u>, the defendant was charged with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (<u>Aguilar</u> at 29.) There were multiple alleged SUAs, including an offense against a foreign nation in violation of the Ecuadorian penal code. (<u>Aguilar</u> at 29.) The court instructed the jury that it must be unanimous in its conviction as to the object of the money laundering conspiracy, but not as to the SUAs. (<u>Id</u>. at 29-30.) In a post-conviction Rule 29 motion, the defendant alleged this was constitutional error. Judge Vitaliano rejected this claim, finding that because SUAs are not <u>essential</u> elements of a money laundering offense, unanimity is not required, and that the defendant's demand for such "granular unanimity is . . . foreclosed by case law." (<u>Id</u>. at 30.)

> Judge Vitaliano held:
>
> The Second Circuit has rejected the notion that a specified unlawful activity charged within money laundering is an essential element of this crime. <u>See</u> <u>United States v. Stavroulakis</u>, 952 F.2d 686, 691–92 (2d Cir. 1992). As the court explained, "Section 1956 does not penalize the underlying unlawful activity from which the tainted money is derived. . . . The statute [] does not distinguish among the[] specified unlawful activities either in degrees of importance or levels of criminal culpability." <u>Id</u>. at 691; <u>see</u> <u>also</u> [<u>United States v. Requena</u>, 980 F.3d 30, 49 (2d Cir. 2020)] (statutory alternatives not elements where they do not carry different minimum or maximum punishments). Indeed, "[a]ll the specified unlawful activities are clustered, almost willy-nilly, under a single definition section of the statute. So long as the cash is represented to have come from <u>any</u> of these activities, a defendant is guilty of the substantive offense of money laundering." <u>Stavroulakis</u>, 952 F.2d at 691 (emphasis in original). That is because, as confirmed by the legislative history, "the focal point of the statute is the laundering process, not the underlying unlawful conduct that soiled the money." <u>Id</u>. Accordingly, because the specified unlawful activity underlying [the defendant's] conviction of conspiracy to launder money is not an essential element, unanimity as to which specified unlawful activity or activities triggered the violation of the statute was not required; unanimity that the elements of the crime they supported were present is all that was required.

(<u>Id</u>. at 30-31.)

Because the Second Circuit has rejected the notion that jury unanimity is required for SUAs, the defendant's proposed special verdict form is contrary to law and should be rejected. The jury should be provided with the government's proposed verdict form.

5

                                                          Respectfully submitted,

| | |
|---|---|
| MARGARET A. MOESER<br>Chief, Money Laundering<br>& Asset Recovery Section<br>Criminal Division<br>U.S. Department of Justice | BREON PEACE<br>UNITED STATES ATTORNEY<br>Eastern District of New York<br>271 Cadman Plaza East<br>Brooklyn, New York 11201 |
| By: /s/<br>    Morgan J. Cohen<br>    Trial Attorney<br>    (202) 616-0116 | By: /s/<br>    Hiral Mehta<br>    Genny Ngai<br>    Assistant United States Attorneys<br>    (718) 254-7000 |
| GLENN S. LEON<br>Chief, Fraud Section<br>Criminal Division<br>U.S. Dept. of Justice | |
| By: /s/<br>    Peter Cooch<br>    Trial Attorney<br>    (202) 924-6259 | |

cc:    Clerk of Court (NGG) (by ECF)
        Defense counsel (by ECF)