UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
UNITED STATES OF AMERICA,

               -against-

MANUEL CHANG,

                         Defendant.
_____

**MEMORANDUM & ORDER**
**18-CR-00681 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

Now before the court is the Government's motion to quash twenty Rule 17(c) subpoenas that the Defendant has served on various Department of Justice ("DOJ") employees and the Defendant's response. (Gov't Mot to Quash Subpoenas ("Mot.") (Dkt. 685); *see also* Def. Opp. (Dkt. 687).) For the reasons discussed below, the motion is GRANTED in part and DENIED in part.

## I.  BACKGROUND

Trial in this matter began on July 16, 2024, and is well underway. On July 8, 2024, the Clerk of Court signed and issued twenty-one[1] subpoenas that Defendant Chang has served on a number of DOJ employees, namely fourteen Special Agents, an FBI Forensic Accountant, two FBI Forensic Examiners, and an FBI Assistant Legal Attaché, as well as two members of the New York Police Department ("NYPD"). (*See* Mot., Ex. A.) On July 10, 2024, following an inquiry from the Defense as to whether such employees are covered by the *Touhy* regulations, the court issued an Order concluding that the regulations apply to FBI agents. (Mem. & Order dated 7/10/2024 (Dkt. 663) at 4 (citing 28 C.F.R. § 16.23(c)).) The court further ordered the Defense to

_____

[1] Prior to the filing of this motion, Defense counsel withdrew the subpoena for Jeffrey Olson, Director of the Office of International Affairs. Accordingly, the motion to quash his subpoena is DENIED as moot.

comply with these regulations, including by setting forth a summary of the testimony sought. (*Id.*) Defendant has provided *Touhy* statements for four of the twenty subpoenaed witnesses but has not withdrawn the others.

## II. LEGAL STANDARD

Rule 17(c) of the Federal Rules of Criminal Procedure provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c). The Rule further provides that upon motion, a court "may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). Although Rule 17(c) applies by its terms only to subpoenas duces tecum, "courts have repeatedly, when the interest of justice have so warranted, heard and granted (and denied) motions to quash subpoenas to compel testimony." *United States v. Goldstein*, No. 21-CR-550 (DC), 2023 WL 3662971, at *5 (E.D.N.Y. May 25, 2023).[2]

## III. DISCUSSION

The Government seeks to quash all twenty subpoenas on three grounds: (1) failure to comply with *Touhy*; (2) improperly putting the Government on trial; and (3) refusing to identify the prior statements the Defendant intends to introduce through the FBI agents. (Mot. at 1.) In response, the Defendant clarified that, at this time, he only seeks to compel testimony from the four witnesses for whom he has provided *Touhy* declarations. (Def. Opp. at 1.) However, the Defense has not withdrawn the remaining subpoenas because testimony from these FBI and NYPD employees may become relevant depending on the testimony elicited by

---

[2] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

the Government's final remaining witnesses. (*See generally* Def. Opp.)

The Government first seeks to quash sixteen of the subpoenas for failing to comply with *Touhy* regulations. (Mot. at 4.) This court previously ruled that "[s]hould the Defense seek to elicit testimony from any FBI agent involved in this matter, it must follow the *Touhy* regulations . . . for each FBI agent." (Mem. & Order dated 7/10/2024 at 4 (citing 28 C.F.R. § 16.23(c)).)[3] In particular, the court noted the requirement to set forth a brief summary of the testimony sought. (*Id.*)

In a criminal prosecution, the defense has a right to put before the jury evidence that might influence the determination of evidence and the corresponding right to obtain evidence. *United States v. Tucker*, 249 F.R.D. 58, 65 (S.D.N.Y. 2008), *as amended* (Feb. 20, 2008). This right applies even when the Government may invoke privilege over certain documents or testimony in other types of proceedings, as recognized by the Supreme Court in *Touhy*. *See U.S. ex rel. Touhy v. Ragen*, 340 U.S. 462, 467 (1951) (citing *United States v. Andolschek*, 142 F.2d 503 (2d Cir. 1944)); *United States v. Reynolds*, 345 U.S. 1, 12, (1953) ("The rationale of the criminal cases is that, since the Government which prosecutes an accused also has the duty to see that justice is done, it is unconscionable to allow it to undertake prosecution and then invoke its governmental privileges to deprive the accused of anything which might be material to his defense.");

---

[3] The Defendant subpoenaed federal agents and one local official of the NYPD. (*See* Shawn Russell Subpoena, Mot. Ex A. at ECF 34-35.) *Touhy* applies only to Department of Justice officials. *See* 28 C.F.R. § 16.21. However, the focus is ultimately on whether compliance is unreasonable or oppressive, and given the large number of subpoenas the Defense issued and the Defendant's noting in its response that the Defense "do[es] not need the testimony of agents who did not work on matters that will not be addressed by the government's remaining witnesses," (Def. Opp. at 10), the court considers the sixteen subpoenas together.

*United States v. Aref*, 533 F.3d 72, 79 (2d Cir. 2008). And while the Government can gather evidence through the use of grand jury subpoenas and working relationships with agencies far in advance of trial, "defendants will virtually always be outmatched in investigatory resources, funds, and time to prepare for litigation." *Tucker*, 249 F.R.D. at 64. Equality or symmetry between the Government and Defense is not required by the Constitution; rather, the question in the context of quashing a subpoena is whether the subpoena is "necessary to permit the defendant to raise a defense." *Id.* at 65.

Compliance with *Touhy* regulations, however, permits the court to conduct the appropriate review of reasonableness in considering the subpoenas and whether testimony is necessary for the Defendant to raise a defense or is irrelevant. *See United States v. Duncan*, No. 18-CR-289 (SHS), 2019 WL 2210663 (S.D.N.Y. May 22, 2019) (precluding testimony in part because such evidence was irrelevant after considering the evidence described in a *Touhy* letter.)

As noted, the Defense has not provided statements for sixteen subpoenaed witnesses. The Government's motions to quash the sixteen subpoenas where the Defense has not complied with this court's order requiring *Touhy* declarations are therefore GRANTED because they are unreasonable absent any information of the nature of the testimony sought and its materiality to the Defense. However, there remains the possibility that the FBI agents' or law enforcement officers' testimony becomes necessary, which is why they have not withdrawn these subpoenas. (Def. Opp. at 10.) Accordingly, if evidence presented in the remainder of the Government's case raises issues such that the Defendant's case requires testimony from one or more agents for whom the subpoenas were quashed, the Defendant may renew the relevant subpoenas as soon as practicable, with a summary

of the sought after testimony under *Touhy* submitted directly to the undersigned district court judge.

As to the four remaining subpoenas, the Defendant provided the required summaries for these witnesses: Special Agents Tassone, Haque, and Binder, on July 24, 2024; and Special Agent Adediran, on July 26, 2024.

The Government seeks to quash the subpoenas for these agents because the Defendant "refuses to identify the prior inconsistent statements he seeks to introduce through the FBI agents." (Mot. at 7.) However, the Government points to no authority requiring that the Defendant specify the exact inconsistent statements made in order to seek testimony of an FBI agent. Nor do the *Touhy* regulations require more than a summary of the testimony sought. *See* 28 C.F.R. § 16.23(c).

Upon review of the declarations that have been provided, the court finds that the declarations for Special Agents Babatunde, Haque, and Tassone, sufficiently identify the testimony sought and the context surrounding said testimony. (*See* Mot., Exs. C & E) The original declaration for Special Agent Binder was not sufficiently precise, (*see* Mot., Ex. B), but the details provided in the Defense's brief in opposition to the Government's motion cured any defects in the initial declaration. Accordingly, the Government's motion to quash these subpoenas are DENIED.

Finally, the Government also moves to quash all twenty subpoenas on the basis that they improperly seek "irrelevant and inadmissible evidence." (Mot. at 5.) Specifically, the Government contends that the *Touhy* declarations that the Defense has provided, coupled with Defense counsel's statements at the end of trial on Thursday, July 25, 2024, make clear that the Defense intends to challenge the thoroughness of the Government's investigation in this case. (*Id.* at 6.)

As this court previously relayed to the jury, the Government is not on trial in this case, and the jury will not be asked to determine the adequacy of the Government's investigation. Indeed, "[t]he failure to utilize some particular technique or techniques does not tend to show that a defendant is not guilty of the crime with which he has been charged." *United States v. Carton*, No. 17-CR-680 (CM), 2018 WL 5818107, at *3 (S.D.N.Y. Oct. 19, 2018). (*See also* Trial Transcript dated 7/24/2024 at 1406:23.)

Should the Defense attempt to challenge the adequacy of the Government's investigation through Government or law enforcement witnesses, it will be precluded from doing so. However, the court declines to broadly quash all subpoenas without first having the opportunity to hear the testimony elicited at trial. The Government is free to object to the extent the testimony becomes irrelevant or prejudicial under Rule 403.

## IV. CONCLUSION

For the reasons discussed in this Memorandum and Order, the Government's motion to quash is GRANTED in part and DENIED in part. The motion to quash as to Special Agents Adediran, Haque, Tassone and Binder is DENIED. The motion to quash the remaining sixteen subpoenas for whom declarations were not provided is GRANTED. If the Government presents evidence in the remainder of its case that the Defense believes raises issues that would require testimony from an agent that is not already under the court's jurisdiction, it may seek to renew the subpoena as soon as practicable and directly with the undersigned.

SO ORDERED.


Dated:      Brooklyn, New York
            July 28, 2024

                                         /s/ Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge

7