COURT EXHIBIT [4]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

**JURY CHARGE**
**18-CR-00681 (NGG)**

MANUEL CHANG,

Defendant.

NICHOLAS G. GARAUFIS, United States District Judge.

Now that the evidence in this case has been presented and the attorneys for the Government and the Defendant have concluded their closing arguments, it is my responsibility to instruct you as to the law that governs this case. My instructions will be in three parts:

First: I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case;

Second: I will instruct you as to the legal elements of the crimes charged in the Indictment—that is, the specific elements that the Government must prove beyond a reasonable doubt to warrant a finding of guilt; and

Third: I will give you some general rules regarding your deliberations.

1

## PART I: GENERAL RULES

**1.    The Role of the Court**

Members of the jury, you now have heard all the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

## 2.     The Duties of the Jury

It is your duty to find the facts from all the evidence in this case. You are the sole judges of the facts. Therefore, it is for you and you alone to decide the weight of the evidence, to resolve such conflicts that may have appeared in the evidence, and to draw such inferences that you deem to be reasonable and warranted from the evidence or lack of evidence in this case.

With respect to any question concerning the facts, it is your recollection of the evidence that controls.

You must apply the law in accordance with my instructions to the facts as you find them. While the lawyers may have commented on some of the legal rules, you must be guided only by my instructions about the rules. You must follow all the rules as I explain them to you. You may not follow some of the rules and ignore the others. Even if you disagree with the rules or do not understand the reasons for them, you are bound to follow the legal rules that I describe.

## 3.     Parties are Equal Before the Court

The fact that this prosecution is brought in the name of the United States Government does not entitle the United States to any greater consideration than the Defendant. By the same token, it is entitled to no less consideration. The

parties, the United States Government, and the Defendant are equal before this court, and they are entitled to equal consideration. Neither the Government nor the Defendant is entitled to any sympathy or favor.

At times during the trial, I may have found it necessary to admonish the lawyers. You should not, however, let that prejudice you toward a lawyer or that lawyer's client because I have found it necessary to correct him or her. To the contrary, each attorney in this trial has professionally and competently served his or her client, and the court has great respect for all the attorneys in this courtroom.

## 4.    Presumption of Innocence

The Indictment that was filed against the Defendant is the means by which the Government gave him notice of the charges against him and brought him before the court. It is nothing more. The Indictment is only an accusation. The Indictment is not evidence, and you are to give it no weight in arriving at your verdict.

The Defendant pleaded "not guilty" in response to the Indictment. He is presumed to be innocent unless and until his guilt has been proven beyond a reasonable doubt based on your unanimous verdict. Thus, the case against the Defendant begins as a clean slate and may only be proven by the evidence

presented to you at trial. Unless and until the Government meets its burden of proof beyond a reasonable doubt, the presumption of innocence remains with the Defendant regardless of the fact that he is charged with a crime, regardless of what is said about him at trial, regardless of whether the jurors believe he is likely guilty, and regardless of whether he is actually guilty. The presumption of innocence attaches to those who are actually innocent and to those who are actually guilty alike through all stages of the trial unless and until the Government meets its burden of proof.

I therefore instruct you that the Defendant is to be presumed by you to be innocent throughout your deliberations on each count in which he is charged until such time, if ever, that you as a jury are unanimously satisfied that the Government has proved him guilty beyond a reasonable doubt on that count. The presumption of innocence alone, unless overcome, is sufficient to require acquittal of the Defendant unless and until you, the jurors, unanimously are convinced that the Government has proven his guilt beyond a reasonable doubt. The Defendant is on trial only for the crimes charged in the Indictment, and not for anything else.

## 5.   Burden of Proof on Government

Because the law presumes the Defendant to be innocent, the burden of

proving his guilt beyond a reasonable doubt is on the Government throughout the trial. The Defendant is presumed to be innocent of every crime with which he has been charged, and he never has the burden of proving his innocence or of producing any evidence at all. As a result, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses, including any expert witnesses, or producing any evidence. Indeed, the fact that defense counsel has cross-examined witnesses called by the Government and presented evidence does not shift the burden of proof on any issue in the case. Again, the burden of proof remains on the Government at all times.

**6.      Proof Beyond a Reasonable Doubt**

For each crime with which the Defendant is charged, the Government must prove each element of that crime beyond a reasonable doubt, and your verdict must be unanimous. I will explain the elements of the crimes that the Indictment charges later on, but now I will address the phrase "reasonable doubt."

Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs. Yet proof beyond a reasonable doubt does not mean proof beyond all possible doubt. The Government is not required to prove the Defendant's guilt to a mathematical certainty.

A reasonable doubt is a doubt based on reason and on common sense. This means that if, after you have considered all of the evidence and lack of evidence in this case, you have a doubt that is based on your own experience, judgment, and common sense, you must find the Defendant not guilty of the crime in question. A lack of evidence may provide a reasonable doubt upon which a jury can find a defendant not guilty.

A reasonable doubt, however, is not a doubt that arises out of whim or speculation. Nor is a reasonable doubt an excuse to avoid performing an unpleasant duty. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the Defendant's guilt.

You should consider all of the proof presented at trial, or any lack of proof, in determining whether you have a reasonable doubt. In considering each count in the Indictment, unless the Government proves beyond a reasonable doubt that the Defendant has committed each and every element of the offense charged in the count, you must find the Defendant not guilty of that offense.

You should consider each count of the Indictment separately. It is thus possible for you to find the Defendant guilty on one count and not guilty on another count. Conversely, you might find the Defendant guilty of each crime charged in the Indictment, or you might find him not guilty of all of the crimes

charged in the Indictment.

On any count of the Indictment, if, after fair and impartial consideration of all the evidence and lack of evidence, you honestly conclude that you have such a doubt that would cause a prudent person to hesitate to act in matters of importance in his or her own life, then you have a reasonable doubt. In that event, it is your duty to acquit the Defendant on that count. For the same reason, if you view the evidence in the case as reasonably permitting a finding of either guilt or innocence as to a particular count, you must acquit the Defendant on that count. If, on the other hand, after fair and impartial consideration of all the evidence, you do not have such a doubt, then you have no reasonable doubt and, in that circumstance, you must convict the Defendant on that count.

## 7.    The Evidence

### A.    What is Evidence:

I now wish to instruct you as to what is evidence and how you should consider it. The evidence you will use to decide what the facts are comes in three forms:

(1)    sworn testimony of witnesses, both on direct and cross-examination;

(2)    exhibits that have been received by the court in evidence; and

(3)    stipulations that have been entered into by the parties.

The attorneys for the Government and for the Defendant have entered into stipulations concerning facts that are relevant to this case. When the attorneys on both sides stipulate and agree as to the existence of a fact, you must—unless otherwise instructed—accept the stipulation as evidence and regard that fact as proved.

If I instructed you that some item of evidence is received only for a limited purpose, you must consider that evidence for that purpose alone.

**B.    What is Not Evidence:**

In deciding the facts, you must disregard the following things, which are not evidence:

(1)    Exhibits marked for identification but not received into evidence are not evidence.

(2)    Demonstrative exhibits are not evidence.

(3)    Testimony that the court has excluded or told you to disregard is not evidence.

(4)    Arguments and statements by lawyers are not evidence.

(5)    Statements by the court are not evidence.

(6)    Questions put to the witnesses are not evidence. Only the witness's answer is evidence.

(7)     The Indictment is not evidence. The Indictment is merely a statement of charges and not itself evidence.

(8)     Objections to the questions or to offered exhibits are not evidence.

(9)     Anything you may have seen or heard outside the courtroom is not evidence.

In this regard, the attorneys for both the Government and the Defendant have a duty to their clients to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible. You should not be influenced by the objections or by the court's rulings on the objections. If an objection was sustained, ignore the question and the answer, if an answer was given. If an objection was overruled, treat the answer like any other answer.

From time to time, counsel requested conferences with me outside the hearing of the jury and others. You should not show any prejudice against a party because such a conference was requested, and you must not speculate about any communications between the lawyers and me outside your presence and hearing. Anything you may have seen or heard outside the courtroom is not evidence.

Your verdict must be based solely upon the evidence or lack of evidence developed at trial. You are not to engage in speculation or guesswork.

In reaching your decision as to whether the Government has sustained its

burden of proof, it would be improper for you to consider any personal feelings you may have about the Defendant's race, national origin, ethnic background, native language, sex, age, sexual orientation, occupation, economic status, or other personal characteristics. All persons are entitled to the presumption of innocence, and the Government has the same burden of proof in all criminal cases.

In addition, it would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

It would also be improper for you to draw any conclusions about the Defendant's guilt or innocence from anything you may or may not have observed about the spectators inside or outside the courtroom. As I have said, your verdict must be based solely upon the evidence presented at trial.

Under your oath as jurors, you are not to be swayed by sympathy for one side or the other. You are to be guided solely by the evidence in this case. The crucial, central question that you must ask yourselves as you sift through the evidence is: Has the Government proven the guilt of the Defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that the

COURT EXHIBIT [4]

Defendant is guilty of the crimes charged solely on the basis of the evidence or lack of evidence and subject to the law as I charge you. It must be clear to you that once you let fear, or prejudice, or bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the Defendant's guilt as to a particular charged crime, you must render a verdict of not guilty. But on the other hand, if you should find that the Government has met its burden of proving the Defendant's guilt beyond a reasonable doubt, you must not hesitate to render a verdict of guilty because of sympathy or any other reason.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in this case.

### C.    Direct and Circumstantial Evidence:

I have already told you that evidence comes in various forms, such as the sworn testimony of witnesses, exhibits, and stipulations.

This evidence may take two different forms: direct evidence and circumstantial evidence.

**Direct evidence** is the communication of a fact by a witness who testifies to the knowledge of that fact as having been obtained through one of the five senses.

12

So, for example, a witness who testifies to knowledge of a fact because he saw it, heard it, smelled it, tasted it, or touched it, is providing direct evidence. As I explained to you in my opening instruction, if you went outside and saw that it was raining, you would have observed direct evidence of rain. For testimony providing direct evidence, what remains is your responsibility to pass upon the credibility of the witnesses providing it. Physical items or documents received into evidence as an exhibit are direct evidence of the existence or condition of those items.

**Circumstantial evidence** is evidence that tends to prove a fact at issue by proof of other facts from which the fact at issue may be inferred.

The word "infer," or the expression "to draw an inference," means to find that a fact exists from proof of another fact. For example, if a fact at issue is whether it is raining at the moment, none of us can testify directly to that fact, since we are sitting in this courtroom with the shades drawn. Assume, however, that as we sit here, a person walks into the courtroom wearing a raincoat that is wet, and that person is also carrying an umbrella dripping water. We may infer that it is raining outside. In other words, the fact of rain is an inference that could be drawn from the wet raincoat and the dripping umbrella.

An inference is to be drawn only if it is logical and reasonable to do so. In

13

deciding whether to draw an inference, you must look at and consider all the facts in light of reason, common sense, and experience. Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide. Please bear in mind, however, that an inference is not to be drawn by guesswork, suspicion, or speculation. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proven by direct or circumstantial evidence. The Government asks you to draw one set of inferences, while the Defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

In drawing inferences, you should exercise your common sense. So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

I'm going to instruct you on a couple of inferences that you are not permitted to make. If you find that the Defendant associated with other people who were guilty of wrongdoing, you may not infer that he is guilty of participating in criminal conduct merely from that association. Similarly, if you find that the Defendant was present at the time a crime was being committed,

14

and had knowledge that the crime was being committed, you may not infer that he is guilty of participating in criminal conduct merely because of his presence and knowledge.

I remind you once again that you may not convict the Defendant unless you are satisfied of his guilt beyond a reasonable doubt, whether based on direct evidence, circumstantial evidence, or the logical inferences to be drawn from such evidence. Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more. In determining what the facts are, and in arriving at your verdict, you are to consider all of the evidence in this case—direct and circumstantial.

## 8.   Deciding What to Believe

In deciding what the facts are, you must decide which testimony to believe, which testimony not to believe, and how much weight to give to the testimony of each witness. As with all factual issues, you are the sole judges of the credibility of each witness and the importance of his or her testimony. In making those decisions, there are a number of factors you may take into account, including the following:

(1)    Did the witness seem honest?

(2)    Did the witness have any particular reason not to tell the truth?

(3)    Did the witness have a personal interest in the outcome of the case?

(4)    Did the witness seem to have a good memory?

(5)    Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

(6)    Did the witness show resentment or anger towards a party?

(7)    Did the witness appear to understand the questions clearly and answer them directly?

(8)    Was what the witness said supported by other evidence?

(9)    Did the witness's testimony differ from the testimony of other witnesses?

(10)   Was the witness consistent in his or her testimony?

(11)   How did the witness's testimony on direct examination compare with his or her testimony on cross examination?

People sometimes forget things. A contradiction may be an innocent lapse of memory, or it may be an intentional falsehood. Consider, therefore, whether the contradiction has to do with an important fact or only a small detail. In addition, different people observing an event may remember it differently and therefore testify about it differently.

Ultimately, you may consider the factors I have just discussed as well as

other relevant factors in deciding how much weight to give to testimony. Finally, if you find that a witness has lied to you about any matter, however insignificant, you may choose to disregard that witness's testimony in part or in whole.

## 9.     Impeachment by Prior Inconsistent Statements

You have heard evidence that certain witnesses made statements on earlier occasions that counsel argues are inconsistent with the testimony of those witnesses at trial. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you to decide whether to believe the trial testimony of the witness who contradicted him or herself. If you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.

In making this determination, you may consider whether the prior statement was inconsistent with the witness's statement at trial; whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency; and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all of the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so, how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

**10.    Cooperating Witnesses Called by the Government**

You have heard testimony from "cooperating witnesses" Andrew Pearse and Surjan Singh. You have also heard a great deal said about cooperating witnesses in the summations of counsel and about whether or not you should believe them.

The Government argues, as it is permitted to do, that it must take the witnesses as it finds them. It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others. For those very reasons, the law allows the use of accomplice and co-conspirator testimony. Indeed, it is the law in federal courts that the testimony of a single accomplice or co-conspirator may be enough in and of itself to sustain a conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that cooperator testimony is of such a nature that it must be scrutinized with great care and viewed with particular caution

when you decide how much of that testimony, if any, to believe. I have given you some general considerations on credibility and I will not repeat them all here. Nor will I repeat all of the arguments made on both sides. Instead, I will say a few things that you may want to consider during your deliberations on the subject of cooperating witnesses.

You should ask yourselves whether the witness would benefit more by lying or by telling the truth. Was the testimony made up in any way because the witness believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did the witness believe that his interests would be best served by testifying truthfully? If you believe that the witness was motivated by hopes of personal gain, was this motivation one that would cause him to lie, or was it one that would cause him to tell the truth? Did this motivation color his testimony at all?

In sum, you should look at all the evidence in deciding what credence and what weight, if any, you will want to give cooperating defendants.

The cooperating witnesses who testified in this case pled guilty after entering into an agreement with the Government to testify. There is also evidence the Government agreed to dismiss some charges against the witnesses and agreed not to prosecute them on other charges in exchange for the witnesses'

agreement to plead guilty and to testify at this trial against this Defendant.

The Government also promised to bring the witnesses' cooperation to the attention of the sentencing court, and I am the sentencing court. The Government is permitted to enter into this kind of agreement. You, in turn, may accept the testimony of such a witness and convict the Defendant on the basis of this testimony alone if it convinces you of the Defendant's guilt beyond a reasonable doubt.

However, you should bear in mind that a witness who has entered into such an agreement has an interest in this case different from any ordinary witness. Witnesses who realize they may be able to obtain their own freedom or receive a lighter sentence by giving testimony favorable to the prosecution have a motive to testify falsely. Therefore, you must examine their testimony with caution and weigh it with great care. If, after scrutinizing their testimony, you decide to accept it, you may give it whatever weight, if any, you find it deserves.

You should note when someone cooperates with the Government, the Government does not determine what sentence they are going to get, nor does the Government typically make a recommendation to the sentencing judge as to how much time they're going to get. What the Government will do, if it is satisfied with the level of cooperation, is to write the sentencing judge what is known as

a 5K letter, which you heard some mention of during the course of the trial. The 5K letter sets forth the cooperating witnesses' criminal acts, as well as the substantial assistance the witness has provided. I instruct you that the 5K letter does not guarantee the cooperating witness a lower sentence. This is because the sentencing court may, but is not required to, take the 5K letter into account when imposing sentence on the cooperating witness. This court has discretion whether or not a 5K letter is written to impose any reasonable sentence this court deems appropriate up to the statutory maximum. The final determination as to the sentence to be imposed rests with this court, not with the Government. In sum, you should look at all the evidence in deciding what credence and what weight, if any, you want to give the cooperating witness.

## 11.   Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I instruct you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying, so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and

have the opportunity to review relevant exhibits before being questioned about them.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony, and what inferences you draw from such preparation, are matters completely within your discretion.

## 12.   Interest in Outcome

In evaluating the credibility of a witness, you should take into account any evidence that the witness may benefit in some way from the outcome of the case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of the case will testify falsely. It is for you to decide to what extent, if at all, the witness's interest has affected his or her testimony.

## 13.   Other Proceedings

During trial, you have heard about other proceedings involving certain

individuals, including certain witnesses who testified. You may not draw any inference, favorable or unfavorable, towards either the Government or the Defendant from the fact that there were other proceedings involving those people. You should neither speculate as to the reason for those proceedings, nor the results of those proceedings. Your verdict should be based solely upon the evidence or lack of evidence as to the Defendant that was presented in this trial, in accordance with my instructions.

## 14.   Persons Not on Trial

If you conclude that other persons may have been involved in criminal acts charged in the Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the Defendant from the fact that those persons are not named as Defendants in the Indictment, or are not present at this trial. You also may not speculate as to the reasons why other persons are not defendants in this trial. Your concern is solely the Defendant on trial before you.

## 15.   Expert Testimony

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill,

experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

**16.    Testimony of Government Agents and Law Enforcement Witnesses**

During this trial you heard testimony from Government employees and law enforcement witnesses. That a witness works in law enforcement or is a Government employee does not mean that his or her testimony is entitled to any greater weight. By the same token, his or her testimony is not entitled to less consideration simply because he or she works in law enforcement or is a Government employee. You should consider the testimony of Government agents

24

and law enforcement officers just as you would consider any other evidence in the case, and evaluate their credibility just as you would that of any other witness. After reviewing all the evidence, you will decide whether to accept the testimony of law enforcement and Government employee witnesses, and what weight, if any, that testimony deserves.

## 17.   Summary Exhibits

The Government has presented exhibits in the form of charts and summaries. These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

## 18.   Translations

The Government and Defense have offered evidence in the form of English-

language translations of documents in foreign languages. The translations are evidence for you to consider so that you can understand the translations. You may consider these translations like any other evidence in this case.

**19.   Variance in Dates and Amounts**

You will note that the Indictment alleges that certain acts occurred on or about various dates or that certain amounts of money were involved. It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date or that the amounts of money involved were different. The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence, or the amounts alleged in the Indictment and the amounts established by the evidence.

**20.   Judicial Notice**

I have taken judicial notice of certain facts that I believe are not subject to reasonable dispute. I have accepted these facts to be true, even though no evidence has been introduced proving them to be true. You may, but are not required to, agree that these facts are true.

**21.   Defendant's Right Not to Testify**

The Defendant did not testify in this case. Under our Constitution, the Defendant has no obligation to testify or to present any evidence, because it is

26

the Government's burden to prove the Defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to the Defendant. The Defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the Defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the Defendant in any way in your deliberations in the jury room.

## 22. Punishment

The question of the possible punishment of the Defendant is of no concern to the jury and should not, in any sense, enter or influence your deliberations. Your function is to weigh the evidence in the case, and to determine whether or not the Defendant is guilty beyond a reasonable doubt solely upon the basis of the evidence. Under your oath as jurors, you cannot allow consideration of the punishment that may be imposed upon the Defendant, if he is convicted, to influence your verdict in any way or to enter your deliberations in any sense.

## PART II: THE SUBSTANTIVE CHARGES

I will now turn to the second part of this jury charge, in which I instruct you on the legal elements of the crimes charged.

### 1.     The Indictment

The Defendant is formally charged in a Superseding Indictment, which I will simply call the Indictment. As I instructed you at the beginning of this case, an indictment is merely a statement of the charge and is not itself evidence. It is not proof of the Defendant's guilt. No weight or significance whatsoever is to be given to the fact that an indictment has been brought against the Defendant.

The Indictment in this case contains a total of two counts: wire fraud conspiracy and money laundering conspiracy. You must, as a matter of law, consider each count of the Indictment separately, and you must return a separate verdict for each count.

### 2.     Knowledge and Intent

Each count charged includes allegations requiring that in order to sustain its burden of proof, the Government must prove beyond a reasonable doubt that the Defendant acted "knowingly and intentionally." Before discussing the elements of the separate counts, I will discuss these concepts.

A defendant acts knowingly if he acts purposely and voluntarily, and not

28

because of ignorance, mistake, accident, carelessness, or other innocent reason. Whether a defendant acted knowingly may be proven by his conduct and by all of the facts and circumstances surrounding the case.

A person acts "intentionally" when he acts deliberately and purposefully. That is, a defendant's acts must have been the product of his conscious, objective decision, rather than the product of mistake or accident. A defendant need not have been aware of the specific law or rule that his conduct may have violated.

These issues of knowledge and intent require you to make a determination about a Defendant's state of mind, something that rarely can be proved directly. A wise and careful consideration of all the circumstances of the case may, however, permit you to make such a determination as to Defendants' state of mind. Indeed, in your everyday affairs, you are frequently called upon to determine a person's state of mind from his or her words and actions in a particular circumstance. You are asked to do the same here.

## 3. Conspiracy Generally

I will now instruct you on the law of conspiracy, which applies to both Counts One and Two.

You should understand that a conspiracy is an offense separate from the commission of any offense that may have been committed pursuant to the

29

conspiracy. That is because the formation of a conspiracy, of a partnership for criminal purposes, is in and of itself a crime. If a conspiracy exists, even if it fails to achieve its purpose, it is still punishable as a crime.

The essence of the charge of conspiracy is an understanding or agreement between or among two or more persons that they will act together to accomplish a common objective that they know is unlawful.

The Defendant is not charged with the substantive crimes of committing wire fraud or money laundering; he is charged only with conspiracy to commit wire fraud and conspiracy to commit money laundering. Indeed, you may find the Defendant guilty of the crime of conspiracy to commit an offense against the United States even though the substantive crime that was the object of the conspiracy was not actually committed.

The United States Congress has deemed it appropriate to make conspiracy a separate crime even if the conspiracy is not successful. This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

In order to sustain its burden of proof with respect to the charge of conspiring to commit wire fraud, the Government must prove two elements

30

beyond a reasonable doubt.

- <u>First</u>, that two or more persons entered the unlawful agreement charged in the conspiracy count that you are considering; and

- <u>Second</u>, that the Defendant knowingly and intentionally became a member of the conspiracy with the intent to accomplish its unlawful purpose.

Let me discuss these two elements of a conspiracy charge in a little more detail.

First, as to the existence of a charged conspiracy, the Government must prove that two or more persons entered into the unlawful agreement that is charged in the count that you're considering. One person cannot commit the crime of conspiracy alone. Rather, the proof must convince you that at least two people joined together in a common criminal scheme. The Government does not have to prove an express or formal agreement when it seeks to prove a conspiracy. It need not prove that the conspirators stated in words or in writing what the scheme was, its object or purpose, or the means by which it was to be accomplished. Rather, the Government is required to prove beyond a reasonable doubt only that two or more persons, in some way or manner, explicitly or implicitly, came to a mutual understanding to accomplish the unlawful act by

COURT EXHIBIT [4]

means of a joint plan or a common design.

Put another way, to establish a conspiracy, the Government is not required to prove that the conspirators sat around a table and entered into a solemn contract, orally or in writing, stating that they have formed a conspiracy to violate the law, setting forth details of the plans, the means by which the unlawful project is to be carried out or the part to be played by each conspirator. Common sense would suggest that when people do, in fact, undertake to enter into a conspiracy, much is left to an unexpressed understanding. A conspiracy, by its very nature, is almost invariably secret in both origin and execution. Therefore, it is sufficient for the Government to show that the conspirators somehow came to a mutual understanding to accomplish an unlawful act by means of a joint plan or common scheme. Moreover, since a conspiracy is, by its very nature, characterized by secrecy, you may infer its existence from the circumstances of the case and the conduct of the parties involved.

In the context of conspiracy cases, actions often speak louder than words. In this regard, you may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together to accomplish an unlawful purpose.

32

If you conclude that the Government has proved beyond a reasonable doubt that the charged conspiracy existed, you must then consider the second essential element, which is whether the Defendant intentionally joined and participated in the conspiracy. To prove this element, the Government must prove beyond a reasonable doubt that the Defendant knowingly and intentionally became a participant in the conspiracy. In deciding whether the Defendant was a participant in or member of a conspiracy, you must consider whether, based upon all of the evidence, the Defendant knowingly and intentionally joined that conspiracy: that is, that he participated in it with knowledge of its purpose and with the specific intention of furthering one or more of its objectives.

A defendant's knowledge is a matter of inference from the facts proved. To become a member of the conspiracy, the Defendant need not have known the identities of every member, nor need he have been apprised of all of their activities. Moreover, a defendant need not have been fully informed as to all of the details, or the scope, of the conspiracy in order to justify an inference of knowledge on his or her part. However, that defendant must agree on the essential nature of the plan and be conscious of its general nature and extent.

The extent or duration of a defendant's participation does not necessarily

bear on the issue of that defendant's guilt. An equal role in the conspiracy is not what the law requires. If you find that the conspiracy existed and if you further find that the Defendant participated in it knowingly and intentionally, the extent or degree of his participation is not material. Moreover, it is not required that a person be a member of the conspiracy from its very start.

I want to caution you, however, that the Defendant's mere presence at the scene of criminal activities, or at locations frequented by criminals, does not, by itself, make him a member of the conspiracy. Similarly, mere association with one or more members of the conspiracy does not automatically make the Defendant a member. A person may know or be friendly with a criminal without being a criminal himself. Indeed, a person may be a criminal without being a member of the charged conspiracy. Mere similarity of conduct or the fact that individuals may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy.

I further caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient. The fact that the acts of a defendant merely happen to further the purposes or objectives of the conspiracy, without his knowledge, does not make that defendant a member. More is required under the law. What is necessary is that the Defendant must have

participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, the Defendant, in order to be a member of a conspiracy, must have intentionally engaged, advised, or assisted in that conspiracy for the purpose of furthering the illegal undertaking and must have done so with an understanding of the unlawful character of the conspiracy. In so doing, the Defendant would have become a knowing and intentional participant in the unlawful agreement—that is to say, a conspirator.

## 4.    Multiple Conspiracies

In considering evidence of a conspiracy, whether there existed a single unlawful agreement, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I give you.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes. You may find that there was a single conspiracy despite the fact that there were changes in either personnel, or activities, or both. The fact

that the members of a conspiracy may change does not necessarily imply that separate conspiracies exist.

On the other hand, if you find that a conspiracy charged in the Indictment did not exist, you cannot find the Defendant guilty of that conspiracy. This is so even if you find that some conspiracy other than the ones charged in this Indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.

Therefore, what you must do is determine whether the conspiracies charged in the Indictment existed. If they did, you then must determine the nature of those conspiracies and who were the members.

## 5.    Co-Conspirator Statements & Criminal Liability

Both charges against the Defendant allege that he participated in certain conspiracies. In that regard, I admitted into evidence against the Defendant the acts and statements of others because these acts and statements were committed by persons who, the Government alleges, were also co-conspirators of the Defendant on trial.

The reason for allowing this evidence to be received against the Defendant has to do with the nature of the crime of conspiracy. A conspiracy is often

referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.

Thus, if you find that the Defendant was a member of a charged criminal conspiracy, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against the Defendant. This is so even if such acts were done and statements were made in the Defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a co-conspirator in deciding the issue of the Defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme. If the acts were done or the statements

made by someone whom you do not find to have been a member of the conspiracy, or if they were not done or said in furtherance of that conspiracy, they may not be considered by you as evidence against the Defendant as to that conspiracy.

6.    **Count I: Wire Fraud Conspiracy**

Now I will instruct you on each of the counts in the Indictment. I will first address Count One. Count One of the Indictment charges the Defendant with conspiracy to commit wire fraud. Specifically, Count One reads as follows:

> In or about and between January 2011 and December 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere out of the jurisdiction of any particular State or district, the defendant MANUEL CHANG, also known as "Pantero," "Chopstick" and "Kung Fu," together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud one or more investors and potential investors in Proindicus, EMATUM and MAM, including Credit Suisse and VTB Capital, and to obtain money and property from them by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

I have already instructed you on the general definition of conspiracy. Those principles apply here. I remind you that the crime of conspiracy to violate a federal law is a separate offense from the underlying crime. Conspiracy to

commit wire fraud is thus separate and distinct from an actual violation of wire fraud, which is the object of the conspiracy and what we call the "substantive crime."

In short, in order to find the Defendant guilty of conspiracy to commit wire fraud, you must find beyond a reasonable doubt that the Defendant, with an understanding of the unlawful character of the charged conspiracy, knowingly and with an intent to defraud at some point joined and participated in the conspiracy for the purpose of furthering its unlawful object which, here, is wire fraud.

I will now instruct you on the elements of the crime of wire fraud. The wire fraud statute provides, in relevant part:

> **Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be [guilty of a crime].**

The crime of wire fraud has three essential elements that the Government must prove beyond a reasonable doubt:

First, that there was a scheme or artifice to defraud or to obtain money or property from one or more investors and potential investors by materially false

and fraudulent pretenses, representations, or promises, as alleged in the Indictment;

Second, that the Defendant knowingly and intentionally participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Third, that interstate or international wires were used or caused to be used in furtherance of the scheme.

### A.      First Element: Existence of a Scheme or Artifice to Defraud

The first element that the Government must prove beyond a reasonable doubt is the existence of a scheme or artifice to defraud, and to obtain money or property by means of false or fraudulent pretenses, representations, or promises. A "scheme or artifice" is merely a plan for the accomplishment of an object. In this case, the term "defraud" means to deprive another of money or property by dishonest means. Therefore a "scheme to defraud" here is simply any plan, device, or course of action to obtain money or property from another by trick, deceit, deception, or swindle.

In this case, the scheme to defraud is alleged to have been carried out by making false and fraudulent statements, representations, and claims. A statement, representation, or claim is false if it is untrue when made and was

then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive. Deceitful statements or half-truths or the concealment of material facts may also constitute false or fraudulent statements under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words or the circumstances in which they are used may convey the false and deceptive appearance. If there is a deception, the manner in which it is accomplished is immaterial.

The false or fraudulent pretense, representation, promise, or statement must relate to a material fact or matter. A material fact is one that reasonably would be expected to be of concern to a reasonable and prudent person in relying upon the representation, promise, or statement in making a decision with respect to the transaction at issue. This means that if you find a particular statement of fact or representation to have been false, you must also determine whether that statement or representation was one that a reasonable person in the investors' positions would have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts that were necessary to render the statements that were made not materially misleading. The Government does not need to prove that anyone actually relied

on the false statement or representation. Rather, it is sufficient if the misrepresentation was one that is capable of influencing a reasonable person's decision and was intended to do so.

In addition to proving that a pretense, representation, promise, or statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the Government must prove that the alleged scheme contemplated depriving another of money or property. The Government is not required, however, to prove that the scheme or artifice to defraud actually succeeded—that is, the Government is not required to prove that the Defendant realized any gain from the scheme, or that the intended victim suffered any loss or harm. The question for you to decide is whether the Government has proved that the Defendant knowingly devised, or participated in, a scheme to defraud. Whether or not the scheme actually succeeded is not a question you may consider in determining whether such a scheme existed.

Further, while the Indictment charges that the alleged conspiracy to commit wire fraud began in or around 2011 and continued up to in or around 2018, it is not essential that the Government prove that the conspiracy started and ended on those specific dates or that it existed throughout that period. Rather, it is sufficient to satisfy the first element that you find that in fact a

conspiracy was formed and that it existed for any time within the charged period.

## B.    Second Element: Participation in Scheme with Intent to Defraud

The second element of the wire fraud count that the Government must establish beyond a reasonable doubt is that the Defendant devised or participated in the fraudulent scheme knowingly, and with the specific intent to defraud. To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. I already instructed you as to the meaning of "knowingly" and "intentionally." To act with a "specific intent to defraud" means to act knowingly and with the specific intent to deceive for the purpose of obtaining money or property from the victim. That is, the Government must prove beyond a reasonable doubt that the Defendant contemplated some actual harm or injury to the investors with respect to their money or property.

The question of whether a person acted knowingly, intentionally, and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves one's state of mind. As I have previously mentioned, direct proof of knowledge and fraudulent intent is often not

available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent. Such direct proof, however, is not required.

Because an essential element of wire fraud is the intent to defraud, it follows that good faith on the part of the Defendant is a complete defense to the charge of wire fraud. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may have turned out to be. You are instructed that a good faith belief is one that is held honestly and genuinely. Further, if a defendant believed in good faith that his conduct was proper, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime. The Defendant has no burden to establish a defense of good faith. The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

The Government does not need to prove that any intended victim was actually harmed, only that the Defendant intended to harm the victim by obtaining money or property. Actual financial harm includes depriving

someone of the real and immediate use of assets. Even if the Defendant believed the money obtained by fraudulent means would one day be repaid and therefore believed that ultimately no harm would come to the owner of the funds, his intention eventually to repay is not a defense.

If you find that the Government has established both the first element and this second element—that the Defendant was a knowing participant and acted with specific intent to defraud—beyond a reasonable doubt, then you should consider the third and final element of wire fraud. If, on the other hand, you find that the Government has failed to establish either or both of these elements beyond a reasonable doubt, you must find the Defendant not guilty.

### C.    Third Element: Use of Interstate or International Wires

The third and final element of wire fraud that the Government must establish beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud.

The wire communication must pass between two or more states as, for example, a telephone call between New York and New Jersey; or it must pass between the United States and a foreign country, such as a telephone call

45

between New York and London. A wire communication also includes a wire transfer of funds between banks in different states or between a bank in the United States and a bank in a foreign country, and telephone calls, emails, and facsimiles between two different states or between the United States and a foreign country.

It is not necessary for the Defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which the Defendant is accused of participating.

In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the Defendant caused the wires to be used by others. This does not mean that the Defendant himself must have specifically authorized others to execute a wire communication. When a person acts with knowledge that the use of the wires will follow in the ordinary course of business, or where such use of the wires can reasonably be foreseen, even though not actually intended, that person causes the wires to be used.

Furthermore, the wire communication requirement is satisfied even if

the wire communication was done by a person with no knowledge of the fraudulent scheme, including a victim of the alleged fraud, so long as the wire was in furtherance of the alleged scheme.

The use of a wire facility need not itself be fraudulent. Stated another way, the material sent by wire need not contain any fraudulent representation, or even any request for money. It is sufficient if a wire facility was used to further or assist in carrying out the scheme to defraud.

Only the use of a wire facility must be reasonably foreseeable, not its interstate or international component. Thus, if you find that the use of a wire facility was reasonably foreseeable, and an interstate and international wire facility was actually used, then this element is satisfied even if it was not foreseeable that the wire communication would cross state or international boundaries.

I remind you that the crime of conspiracy to violate a federal law is an independent offense. It is separate and distinct from the actual violation of any specific law, such as the law prohibiting the crime of wire fraud. Accordingly, you may find the Defendant guilty of the offense charged in Count One under the principles of conspiracy that I outlined, even if you find

that the crime of wire fraud was never actually committed.

### 7.    Count II: Money Laundering Conspiracy

Count Two of the Indictment charges a conspiracy to commit money

laundering as follows:

> In or about and between January 2013 and December 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere out of the jurisdiction of any particular State or district, the defendant MANUEL CHANG, also known as "Pantero," "Chopstick" and "Kung Fu," together with others, did knowingly and intentionally conspire to transport, transmit and transfer monetary instruments and funds to one or more places outside the United States from one or more places inside the United States, and to one or more places inside the United States from one or more places outside the United States, (a) with the intent to promote the carrying on of one or more specified unlawful activities, to wit: (i) offenses against a foreign nation involving the bribery of a public official, in violation of Mozambican law, as defined in Title 18, United States Code, Section 1956(c)(7)(B)(iv); and (ii) wire fraud, in violation of Title 18, United States Code, Section 1343 (collectively, the "Specified Unlawful Activities"), contrary to Title 18, United States Code, Section 1956(a)(2)(A); and (b) knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of one or more specified unlawful activities, to wit: the Specified Unlawful Activities, contrary to Title 18, United States Code, Section 1956(a)(2)(B)(i).

### A.    Elements of Conspiracy to Commit Money Laundering

In order to prove the Defendant guilty of money laundering conspiracy, the Government must establish each of the following elements beyond a reasonable doubt:

First, that two or more persons entered into a particular unlawful agreement to commit the money laundering offense; and

Second, that the Defendant knowingly and intentionally became a member of that conspiracy, with the intention of furthering its illegal purpose, that is, with the intention to commit an object of the charged conspiracy.

I have already instructed you on the elements of conspiracy in connection with Count One. Those instructions apply equally here, and I will not repeat them. Here, for Count Two, the objects of the conspiracy are money laundering, which I will now explain.

### B.    Objects of the Charged Conspiracy to Commit Money Laundering

The Indictment alleges two objects of the conspiracy in Count Two:

(1)    to transport, transmit, or transfer money internationally with an intent to promote the carrying on of Specified Unlawful Activity, in violation of 18 U.S.C. §1956(a)(2)(A); and

49

(2)    to transport, transmit or transfer money intentionally, knowing that the money represented proceeds from some form of unlawful activity and knowing that such transportation, transmission or transfer was designed, at least in part, to conceal or disguise the nature location, source, ownership or control of the proceeds of the Specified Unlawful Activities, in violation of 18 U.S.C. § 1956(a)(2)(B)(i).

Thus, the conspiracy charged in Count Two has two alleged objectives, that is, two ways in which the members conspired to commit money laundering. The Government needs to prove at least one object of the conspiracy for you to find the Defendant guilty of Count Two.

If the Government fails to prove both of the alleged objectives of the conspiracy, then you must find the Defendant not guilty of Count Two.

The Government need not prove that the Defendant entered into an agreement to accomplish both of the alleged unlawful objectives, however. If you find unanimously that the Defendant agreed to commit either one of these two objectives, then this element would be proved. As was the case with Count One, the Defendant is not charged with either of the two substantive money laundering crimes that are the objects of the conspiracy. Remember that conspiracy, standing alone, is a separate crime.

I will now explain the elements of each of the two objects of the

50

conspiracy charged in Count Two. As was the case for Count One, I describe for you the elements of these unlawful acts only so you can understand what the Government must prove beyond a reasonable doubt was an objective of the conspiracy. However, you must all agree on the specific object or objects the conspirators agreed to try to accomplish, and you may find that they agreed to try to accomplish more than one. You must all find unanimously that the Government has proven the same object of the conspiracy beyond a reasonable doubt.

      1.      Object One: Violation of the Money Laundering Statute—International Transfer to Promote Specified Unlawful Activity

The first object of the money laundering conspiracy charged in Count Two of the Indictment is the transportation, transmission or transfer of funds or monetary instruments to or from the United States, with an intent to promote certain other crimes, known as specified unlawful activity. The relevant statute on this subject is Title 18, United States Code, Section 1956(a)(2)(A), which reads as follows:

> **Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States with the intent to promote the carrying on of specified unlawful activity shall be [guilty of a crime].**

The elements of a violation of this statute are as follows:

<u>First</u>, that an individual transported, transferred or transmitted, or attempted to transport, transfer or transmit, a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States.

<u>Second</u>, that the individual did so with the intent to promote the carrying on of specified unlawful activity.

        a.    Element One: Transportation of a Monetary Instrument or Funds to or From or Through the United States

The first element is that an individual transported, transmitted, or transferred, or attempted to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place

52

outside the United States or to a place in the United States from or through a place outside the United States.

The term "monetary instrument" means coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, money orders, investment securities in bearer form or otherwise in such form that title thereto passes upon delivery, and negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery. The term "funds" refers to money or negotiable paper which can be converted into currency. For this object of the conspiracy, it does not matter whether the monetary instrument or funds at issue were derived from criminal activity.

"Transported" or "transferred" or "transmitted" are not words that require a definition; they have their ordinary, everyday meaning. The individual need not have physically carried funds or monetary instruments in order to prove that he is responsible for transferring or transporting or transmitting. All that is required is that the individual caused the funds or monetary instrument to be transported or transferred or transmitted by another person or entity. To satisfy this element, the funds or monetary instruments must have been transported, transferred or transmitted from

somewhere in the United States to or through someplace outside the United States or to someplace in the United States from or through someplace outside the United States. This element is satisfied where funds or monetary instruments were transported, transferred or transmitted into or out of or through United States-based accounts, even where the United States was not the country the funds or monetary instruments were originally coming from or ultimately headed to.

   b. Element Two: Intent to Promote Specified Unlawful Activity

The second element is that the individual acted with intent to promote the carrying on of one or more crimes, referred to as a "specified unlawful activity" or "SUA," not just that the transfer had the effect of doing so. I have already explained what it means to act intentionally and you should apply that instruction here.

For this object of the conspiracy charged in Count Two, the term "specified unlawful activity" includes:

(i) wire fraud, the object of the conspiracy charged in Count One; and

(ii) bribery of a public official, in violation of one or more of the laws

54

of Mozambique.

I have already explained to you the elements of the first specified unlawful activity: wire fraud. I will explain the elements of the second specified unlawful activity, bribery of a public official in violation of one or more of the laws of Mozambique in a moment.

Keep in mind, however, the Defendant does not need to be aware of the specific provision or provisions of the law that it was the object of the conspiracy to violate, or any other specific provision, provided that he had knowledge that his conduct was, in a general sense, unlawful. You need not find that these activities actually occurred, but merely that the Defendant joined the conspiracy with the objective to either promote, facilitate or assist them to occur.

i.     Violation of Mozambican Bribery Laws

As noted, the second specified unlawful activity involved in the money laundering conspiracy the Defendant is charged with is an offense against a foreign nation involving the bribery of a public official, in violation of Mozambican law. The laws of Mozambique outlaw bribery and corruption involving public officials. I am now going to describe two provisions of

Mozambican law, but in considering Count Two, you need not find that the Defendant intended to promote a violation of both of them. Rather, as I described previously, it is sufficient if you find that he acted with an intent to promote wire fraud, or a violation of one or more laws of Mozambique, or both.

(1)   Article 7 of Law 6/2004

Article 7 of Law 6/2004 makes it illegal for a public official or employee to request or receive, directly or through an intermediary with his or her consent or approval, money or the promise of money or any monetary benefit that is not due to them, in return for performing or failing to perform an act that violated the duties of the public official's or employee's position.

In order to be in violation of Article 7 of Law 6/2004, the following three elements must be proven:

First, at the time of the offense, the violator was a public official or employee;

Second, the public official or employee himself, or through an intermediary with the consent and approval of the public official or employee, requested or received money, the promise of money, or any monetary benefit

56

not due to them;

Third, the purpose of the request or receipt of money, the promise of money, or other monetary benefit was to perform or not perform an act that was in violation of the duties of the public official's or employee's office.

(2)    Article 8 of Law 6/2004

Article 8 of Law 6/2004 makes it illegal for a public official or employee to request or receive, directly or through an intermediary with his or her consent or approval, money or the promise of money or any undue material or immaterial benefit, in return for performing or failing to perform an act that is not contrary with the duties of the public official's or employee's position.

In order to be in violation of Article 8 of Law 6/2004, the following three elements must be proven:

First, at the time of the offense, the violator was a public official or employee;

Second, the public official or employee himself, or through an intermediary with the consent and approval of the public official or employee, requested or received money, the promise of money, or any undue material

or immaterial benefit;

Third, the purpose of the request or receipt of money, the promise of

money, or other benefit was to perform or not perform an act that was not

contrary to the duties of the public official's or employee's office.

The terms "public official" and "public employee," as used in Articles 7

and 8 of Law 6/2004, the Mozambican laws about which I have just advised

you, include any officer or employee of the government of Mozambique,

including the Minister of Finance.

(3)    Additional Instructions

If you find that the Government proved a violation of either

Mozambique law, you must also find that the violation was for "bribery" for

this to be a specified unlawful activity under the money laundering laws.

Under the law, "bribery" is the acceptance or promise of a payment or any

other thing of value in return for being influenced in the performance or non-

performance of an act by a public official or employee.

Regardless of whether you determine the acts to be "lawful" or

"unlawful," under both Article 7 and 8 of Law 6/2004, there is no

presumption based on any monies received. You must find that the receipt or

promise of money or other relevant benefit was done to perform or not perform the relevant acts.

However, it is not a defense to a violation of Articles 7 or 8 of Law 6/2004 that, had the public official or employee not requested or received money, the promise of money, or other relevant benefit not due to them, the public official or employee might have performed the same act or acts, or that the actions taken, or intended to be taken, by the public official or employee may have been desirable or beneficial to the public or to Mozambique, or would not have harmed, or did not harm, the public or Mozambique. Nor is it a defense that the actions taken by the public official or employee as a result, in whole or in part, of the alleged request or receipt of money, the promise of money, or any undue material or immaterial benefit, may have been only the first step in an otherwise lawful or proper process.

> 2.   Object Two: Violation of the Money Laundering Statute—
> Transportation of Monetary Instruments or Funds to
> Conceal or Disguise Proceeds

The second object of the money laundering conspiracy charged in Count Two is the knowing transportation of funds or monetary instruments

to conceal or disguise the origin of the property. The relevant statute on this subject is Title 18, United States Code, Section 1956(a)(2)(B)(i), which reads as follows:

> **Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer is designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity shall be [guilty of a crime].**

The elements of a violation of this statute are as follows:

<u>First</u>, that the individual transported, transferred or transmitted, or attempted to transport, transfer or transmit, a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States.

<u>Second</u>, that the individual did so with the knowledge that the monetary instrument or funds involved represented the proceeds of some

form of unlawful activity.

Third, that the individual did so with the knowledge that the transportation, transfer or transmission was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership or control of the proceeds of specified unlawful activity.

      a.    Element One: Transportation of a Monetary Instrument or Funds To or From or Through the United States

The first element is that the individual transported or transferred or transmitted, or attempted to transport or transfer or transmit, a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States.

I have previously defined this element for you in the context of the first charged object of the money laundering conspiracy, and I instruct you to apply that definition here.

   b. Element Two: Knowledge that the Property Involved

     Was the Proceeds of Unlawful Activity

The second element is that the individual knew that the property involved in the transportation, transmission or transfer was the proceeds of some form of unlawful activity. To satisfy this element, the individual must have known that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of unlawful activity. Violations of the wire fraud statute and Mozambican laws previously described are unlawful activities. The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

The Government does not have to prove that the conspirators specifically knew that the property involved in the transportation, transmission or transfer represented the proceeds of any specific offense. Nor does the Government have to prove that the conspirators knew the property involved in the offense in fact was the proceeds of specified unlawful activity, including the violations of the wire fraud statute and laws of Mozambique previously described. Rather, if the Government proves that the individuals

agreed to transport, transmit or transfer property they knew to be the proceeds of some illegal activity, this element is satisfied.

Keep in mind that it is not necessary for all conspirators to believe that the proceeds came from the same unlawful activity; it is sufficient that each potential conspirator believed that the proceeds came from some unlawful activity.

      c.     Element Three: Knowledge of the Unlawful Purpose of Transportation

The third element is that the individual transported, transferred or transmitted the monetary instruments or funds with knowledge that the transportation, transfer or transmission was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

Proof only that the funds were concealed is not sufficient to satisfy this element. Instead, the purpose of the transportation needs to have been to conceal or disguise the nature, location, source, ownership, or control of the proceeds and that the individual knew that this was the purpose of the transportation.

Before moving to the next topic, I remind you that the Defendant is not charged with committing the substantive crimes of money laundering. Remember that conspiracy, standing alone, is a separate crime, even if the conspiracy is not successful and even if you find that the Defendant never actually committed the substantive crimes that were the objects of the conspiracy.

### C.    Venue

I will now give you a venue instruction. This instruction applies to both counts.

In addition to the foregoing elements of the two counts charged, for each offense the Government must also prove venue. Venue refers to the location of the charged crimes. There are two ways for the Government to establish venue here, and you can find venue based on one of these two ways, or both.

#### i.  18 U.S.C. § 3237: Acts Occurring in this District

As to each of the charged crimes, you must consider whether any act in furtherance of the crime occurred in whole or in part in this judicial district, the Eastern District of New York. The district encompasses Brooklyn, Queens,

64

and Staten Island, as well as Nassau and Suffolk Counties on Long Island, and includes the waters surrounding the island of Manhattan that separate Manhattan from the outer boroughs of New York City and from the State of New Jersey; and the air space above the district or the waters of the district.

To establish that venue for each of the charged crimes is appropriate in the Eastern District of New York, the Government must prove that some act in furtherance of the crime occurred here. This means that, with respect to the crime charged, even if other acts were committed outside this district or if the crime was completed elsewhere, venue is established in the Eastern District of New York as long as some act in furtherance of the crime took place in this district. Indeed, a defendant need not personally have been present in the district for venue to be proper. Venue turns on whether any part of the crime or any act in furtherance of the offenses was committed in the district. Venue is proper in a district where the defendant intentionally or knowingly causes an act in furtherance of the charged offense to occur, or where it is foreseeable that such an act would occur, in the district.

In determining whether some act in furtherance of the crime you are considering occurred in the Eastern District of New York, you may consider a

number of things. Venue can be conferred based on physical presence or conduct, and passing through a district, including through or over waters, is sufficient to confer venue. Venue can also be based on electronic impulses, including email communications and electronic transfers of funds such as banking transfers, passing through a district. Venue lies in any district where electronic communications are sent or received and any district through which electronic communications are routed. Venue is proper where a telephonic communication in furtherance of a crime was made and where it was received. The Government need not prove all of these bases of venue; any one is sufficient.

In a conspiracy, such as those charged in Counts One and Two, actions of co-conspirators, as well as actions caused by co-conspirators, may be sufficient to confer venue if it was reasonably foreseeable to the Defendant that the acts would occur in the Eastern District of New York.

While the Government's burden as to everything else in the case is proof beyond a reasonable doubt, a standard that I have already explained to you, the Government need only prove venue by the lesser standard of preponderance of the evidence. To prove something by a preponderance of

the evidence means simply to prove that the fact is more likely true than not true.

### ii. 18 U.S.C. § 3238: First Brought to this District

There is another way the Government can establish venue in this case. As you have heard throughout the trial, many of the acts alleged to have taken place began or occurred outside of the United States. Nevertheless, American law provides that the Defendant may be prosecuted here in the Eastern District of New York if you find, by a preponderance of the evidence, that the Defendant was first brought into the United States in connection with these charges within the Eastern District of New York. It does not matter if the Defendant was brought to the United States involuntarily or in the custody of law enforcement officers. All that matters is that he was brought into this district.

I remind you that the Eastern District of New York encompasses the boroughs of Brooklyn, Queens, and Staten Island, as well as Nassau and Suffolk Counties on Long Island. I also remind you that the Government only has to prove venue by a preponderance of the evidence, which is a lower

standard than proof beyond a reasonable doubt. I emphasize that this lesser standard applies only where I specifically mention it in this charge.

You must find venue based on one of the two ways above, or you may find that the Government has proven venue under both.  If you find that the Government has failed to prove by a preponderance of the evidence venue under either of these two ways for the count you are considering, you must find the Defendant charged in that count not guilty.

## PART III: GENERAL RULES REGARDING DELIBERATIONS

I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide. By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial, and to apply the law as I have given it to you to the facts as you find them from the evidence. Each of you will be provided with a copy of these instructions and a Verdict Sheet for your use during deliberations. You will receive most of the evidence for your review in the jury room. If you require any other items of evidence, please advise me.

When you retire, your first duty is to elect a foreperson. Traditionally, Juror Number One acts as a foreperson. Of course, the foreperson's vote is entitled to no greater weight than that of any other juror. The foreperson's role is an administrative one: it is not to control the deliberations, but to be responsible for signing all communications to the court on behalf of the jury and for handing them to the court officer during your deliberation. However, any of you may on your own send the court a note should the foreperson

69

decline to do so.

Then, it is your duty to discuss the case for the purpose of reaching a verdict. Each of you must decide the case for yourself. You should make your decision only after considering all of the evidence, listening to the views of your fellow jurors, and discussing it fully. It is important that you reach a verdict if you can do so conscientiously. You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced that they are wrong. However, do not surrender your honest belief as to the weight and effect of the evidence simply to arrive at a unanimous verdict. If, after considering all the evidence and the arguments of your fellow jurors, you entertain an honest, conscientious view that differs from the others, you are not to change your view simply because you are outnumbered.

Remember also that your verdict must be based solely on the evidence or lack of evidence in this case, and on the law as the court has given it to you, not on anything else. Opening statements, closing arguments, and other statements or arguments of counsel are not evidence. If your recollection of the facts differs from the way counsel has stated the facts, then your recollection controls.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law. Under your oath as jurors, you are not to be swayed by sympathy. If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result. Both sides are entitled to a fair trial. You are to make a fair and impartial decision, so that you come to a just verdict. You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

Finally, bear in mind that the Government has the burden of proof and that you must be convinced of the Defendant's guilt beyond a reasonable doubt in order to return a guilty verdict. If you find that this burden has not been met, you must return a verdict of not guilty. By contrast, if you find that the Government's burden has been met, then you must return a verdict of guilty.

You cannot allow consideration of the punishment that may be imposed upon the Defendant, if convicted, to influence your verdict in any way or to enter into your deliberations. The duty of imposing sentences rests exclusively

with me. Your duty is to weigh the evidence in this case and to determine guilt or non-guilt solely upon such evidence or lack of evidence and upon the law, without being influenced by any assumptions, conjectures, sympathy, or inference not warranted by the facts.

During your deliberations, you should not discuss, or provide any information about, the case with anyone. This includes discussing the case in person, in writing, by phone or by any electronic means, via text messaging, e-mail, Facebook, LinkedIn, Twitter or X, Instagram, TikTok, blogging, or any Internet chat room, web site, or other feature. In other words, do not talk to anyone on the phone or in person, correspond with anyone, or communicate by any electronic means about this case with anyone, except with your fellow jurors and then only while you are in the jury room. If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on

the Internet. Information that you may find on the Internet or in a printed reference might be incorrect or incomplete. In our court system, it is important that you not be influenced by anyone or anything outside this courtroom. Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you may send a note, through the Marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case other than in writing or orally here in open court. If you do send any notes to the court, do not disclose anything about your deliberations. Specifically, do not disclose to anyone—not even to me—how the jury stands, numerically or otherwise, on the question of the guilt or non-guilt of the Defendant, until after you have reached a unanimous verdict or have been discharged.

You have a right to see exhibits or review testimony during your deliberations. If you would like to review a witness's testimony during your

deliberations, you may send a signed note to me requesting the specific portion of the testimony, and we will provide it to you. Please be patient, as it may take some time to locate the relevant portion of the transcript. Please make your requests as specific as possible so that we may more promptly assist you.

The verdict on each count must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous. When you have reached a decision, the foreperson should sign the verdict form, indicate the date on it, and notify the Marshal by note that you have reached a verdict.

If you are divided, do not report how the vote stands, and if you have reached a verdict, do not report what it is until you are asked in open court.

Your oath sums up your duty, and that is: without fear or favor to any person, you will well and truly try the issues in this case according to the evidence given to you in court and the laws of the United States. I thank you for performing this critical duty in support of our system of justice.

Now, members of the jury, we are almost done. Please remain seated for a moment while I confer with the attorneys to see if there are any

additional instructions they would like me to deliver prior to your

deliberations.