UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

MANUEL CHANG,

      Defendant.

MEMORANDUM
18-CR-681 (NGG) (CLP)

NICHOLAS G. GARAUFIS, United States District Judge.

On August 8, 2024, following a four-week trial, a jury found the Defendant Manuel Chang ("Chang" or "Defendant") guilty of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343 and conspiracy to commit money laundering in violation of 18 U.S.C. § 1343. On January 17, 2025, the court sentenced Defendant to 102 months' imprisonment on the wire fraud conspiracy count and 102 months' imprisonment on the money laundering conspiracy count, with the sentences to be served concurrently. (*See* Sent'g Tr. (Dkt. 801) 64:10-15.)

## I. BACKGROUND

Defendant was arrested on the two charges against him by law enforcement in the Republic of South Africa on December 29, 2018. (Gov't Sent'g Mem. (Dkt. 755) at 26.) On July 12, 2023, Defendant was extradited to the United States and has been in the custody of the Attorney General since that date. (*See id.*) Accordingly, Defendant has been in the custody of South African and United States authorities for a combined total of at least 78 months.

Defendant requests that "the Court include specific language in the final Order of judgment reflecting that the Court sentenced Mr. Chang to a term of imprisonment on the belief that he would receive full credit for all his time served." (Def.'s July 1, 2025 Ltr.

to Court (Dkt. 820) at 1.) The Government submits that, pursuant to relevant Supreme Court and Second Circuit precedent, "the judgment should say nothing about such credit." (Gov't July 1, 2025 Ltr. to Court (Dkt. 821) at 1.)

## II. LEGAL STANDARD

The calculation of a term of imprisonment is governed by 18 U.S.C. § 3585. "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences." 18 U.S.C. § 3585(b). The Supreme Court has made clear that Section 3585(b) "does not authorize a district court to compute the credit at sentencing." *United States v. Wilson*, 503 U.S. 329, 334 (1992). "[O]nly the [Bureau of Prisons] is entitled to give credit for time served prior to the commencement of a sentence." *Werber v. United States*, 149 F.3d 172, 179 (2d Cir. 1998); *see also United States v. Los Santos*, 283 F.3d 422, 427 (2d Cir. 2002) (same). This also applies to time served in foreign custody. *See Zavala v. Ives*, 785 F.3d 367, 377 (9th Cir. 2015) (reasoning that the Bureau of Prisons "grants sentencing credit for time spent in state or foreign custody where that time was not credited to another sentence") (citing *Reno v. Koray*, 515 U.S. 50, 63 n.5 (1995)). However, prisoners "may seek judicial review of the BOP's sentencing determinations," provided that they first exhaust their administrative remedies. *United States v. Clarke*, No. 17-CR-398 (ADS)(SIL), 2019 WL 3997373, at *2 (E.D.N.Y. Aug. 16, 2019).

## III. DISCUSSION

Pursuant to Supreme Court and Second Circuit precedent, the court finds that it is not appropriate for the court to make a determination that Defendant is entitled to credit for his time already served in South Africa and the United States. *See Wilson*, 503 U.S. at 334; *Werber*, 149 F.3d at 179. The credit to which

Defendant is entitled is a determination entrusted to the Bureau of Prisons ("BOP"). The court addressed this issue at Defendant's sentencing:

> "[Defense Counsel:] Just so I don't forget, because I understand it is extremely important, we do request that in any sentence Your Honor imposes you implicitly find that he is entitled to the credit for all of the time that he has served both in the South African prison and at [the Metropolitan Detention Center].
>
> THE COURT: I have looked into that, and there appears to be case law to that effect, but that determination would be made by the Bureau of Prisons and not by me.
>
> . . .
>
> MR. SIEGEL: Your Honor is correct, that the Court doesn't have the authority to order the BOP how to do its computations. I don't think there is any harm in Your Honor making clear that you anticipate that [the sentence] will be credited. As we understand the law and as we laid it out, under the BOP rules and under the statutes, it will be credited.
>
> THE COURT: Right. Anything else?

(Sent'g Tr. 53:1-8, 54:3-9.)

Accordingly, the court respectfully requests that the BOP credit Defendant's pre-judgment detention, as provided by law.

SO ORDERED.

Dated:   Brooklyn, New York
         July 2, 2025

                                        s/Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge

3